**CHARTER TOWNSHIP OF OSHTEMO; City of Kalamazoo; Kalamazoo County; and The Upjohn Company, Plaintiffs,**

v.

**AMERICAN CYANAMID COMPANY, et al., Defendants.**

No. 1:92:CV:843.

United States District Court, W.D. Michigan.

May 3, 1995.

Richard D. Reed, Reed, Stover & O'Connor, PC, Kalamazoo, MI, for Charter Tp. of Oshtemo.

Robert H. Cinabro, Office of the City Attorney, Kalamazoo, MI, for City of Kalamazoo.

Duane T. Triemstra, Kalamazoo County Board of Commissioners, Kalamazoo, MI, for Kalamazoo County.

Scott S. Brinkmeyer, Marjorie McKenney Dixon, Mika, Meyers, Beckett & Jones, P.L.C., Grand Rapids, MI, Martha J. Koster, Stephen M. Leonard, Lee H. Glickenhaus, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, Boston, MA, for The Upjohn Company.

Thomas W. Daggett, Wildman, Harrold, Allen & Dixon, Chicago, IL, for American Cyanamid Company.

Charles M. Denton, Michael F. Kelly, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, Philip A. Grashoff, Jr., David B. Nelson, Honigman, Miller, Schwartz & Cohn, Detroit, MI, for Arco Industries Corporation.

Paul Theodore Vlachos, Vlachos & Vlachos, PC, Kalamazoo, MI, for Balkema, Inc., et al.

Dustin P. Ordway, John L. Teeples, Dickinson, Wright, Moon, Van Dusen & Freeman, Grand Rapids, MI, for Borden Chemical, Inc., et al.

Todd R. Dickinson, Philip G. Henderson, Tolley, Vandenbosch & Walton, PC, Grand Rapids, MI, for Brunswick Corporation.

Robert A. Soltis, Ford, Kriekard, Domeny & Byrne, PC, Portage, MI, for City of Parchment.

Alan H. Silverman, Silverman, Rodbard & Smith, PC, Kalamazoo, MI, James Shek, Cornell, Dalzell, Fette, Ramey, et al., Kalamazoo, MI, Michael H. Perry, Fraser, Trebilcock, Davis & Foster, PC, Lansing, MI, for City Star Service, Inc.

Mary M. Bittence, Patricia A. Poole, Baker & Hostetler, Cleveland, OH, Cynthia P. Ortega, Cynthia P. Ortega Law Offices, Kalamazoo, MI, for Eaton Corporation.

Steven C. Kohl, Howard & Howard, PC, Bloomfield Hills, MI, for Fabri–Kal Corporation.

John A. Ferroli, Dykema Gossett PLLC, Grand Rapids, MI, James G. Fausone, Dykema Gossett, Detroit, MI, for General Motors Corporation.

Charles M. Denton, George B. Davis, Michael F. Kelly, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, for Hydreco, Inc., et al.

John H. Hess, Hess & Hess, PC, Grand Rapids, MI, Steven P. Means, Michael, Best & Friedrich, Madison, WI, for International Paper.

James R. Nelson, Nelson & Kreuger, PC, Grand Rapids, MI, Brian J. Jordan, Michigan Bell Telephone Co., Detroit, MI, for Michigan Bell Telephone Company.

Gary A. Trepod, Honigman, Miller, Schwartz & Cohn, Lansing, MI, Christopher J. Dunsky, Honigman, Miller, Schwartz & Cohn, Detroit, MI, for Michigan Disposal Service Corporation.

Sharan Lee Levine, Levine & Levine, Kalamazoo, MI, Kathryn Browning Fuller, Beveridge & Diamond, PC, New York City, for Penn Corporation.

Randall S. Schau, Gemrich, Moser, Bowser & Lohrmann, Kalamazoo, MI, for Prab Robots, Inc., et al.

Lynda E. Thomsen, Thomas M. Canny, Bauckham, Sparks, Rolfe & Thomsen, Kalamazoo, MI, for Richland Township.

Steven C. Kohl, Howard & Howard, PC, Bloomfield Hills, MI, William H. Harbeck, Quarles & Brady, Milwaukee, WI, for Simpson Plainwell Paper Company.

David H. Fink, Avery K. Williams, Cooper, Fink & Zausmer, PC, Farmington Hills, MI, for Waste Management of Michigan, Inc.

John R. LaParl, Jr., Smith, LaParl & Mequio, Portage, MI, for Impact Label, Inc.

Joanne R. Robinson, Bloomfield, MI, for Lakeside Refining Company.

Jeffrey Damen Swenarton, Kreis, Enderle, Callander & Hudgins, PC, Kalamazoo, MI, for National Storage.

Peter W. Steketee, Grand Rapids, MI, for Rheem Manufacturing Company.

## *OPINION*

ENSLEN, Chief Judge.

This matter is before the Court on the Joint Defense Group's motion for reconsideration of this Court's Order issued August 19, 1993.[1] On that date, this Court denied defendants' motion to dismiss plaintiffs' claim under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9607 ("section 107").

The claim concerns response costs incurred by plaintiffs relating to releases of hazardous substances at the West KL Avenue Landfill. Plaintiffs, and other potentially responsible parties, had resolved their liability to the government through a consent decree entered in this Court in *United States v. Upjohn,* Case No. 1:92:CV:659.

The parties in the present case agreed that section 107 defines when a party is subject to liability for response costs. However, defendants maintained that amendments to

CERCLA in 1986 (SARA) included section 113(f), which specifically provided a vehicle for liable parties to obtain reimbursement or contribution from other parties that may also be liable. 42 U.S.C. § 9613(f). Unlike a section 107 action, which has been interpreted to provide for joint and several liability where the harm is not shown to be divisible, section 113 provides only for a party to seek contribution from other parties that are liable pursuant to the definition in section 107. (citations omitted).

Certainly, plaintiffs could have brought a contribution action under section 113 against potentially liable parties. The question facing the Court was whether the action by plaintiffs could also be brought under section 107. A direct action under section 107 appears to be permitted by its plain language, as it provides that parties meeting the definition of liable persons "shall be liable for ... (B) any other necessary costs of response incurred by any other person." 42 U.S.C. 9607(a)(4)(B). However, defendants contend that section 113(f) provides a vehicle for a party that is a liable person under section 107 to seek cost recovery from other potentially responsible parties. Defendants argue that section 107 should be interpreted to merely provide the basis for establishing and measuring liability, and section 113 should be found to provide the exclusive CERCLA remedy for parties such as plaintiffs in this case.

The case law available in 1993 when this Court originally decided the issue was sparse; however, this Court noted that it had decided the same issue in 1990 in *Kelley v. Thomas Solvent Co.,* 790 F.Supp. 710 (W.D.Mich.1990). In *Thomas Solvent,* this Court found that the plain language of the statute and the underlying policy of encouraging prompt and complete response actions supported finding that a direct action under section 107 was available to third party plaintiffs in that case. *Id.* at 717. In deciding the 1993 motion in the present case, this Court

---

1. The Opinion was signed on August 16, 1993, which explains why some pleadings refer to the decision as being on that date. Also, the Opinion and Order granting in part plaintiffs' motion to strike defenses, which was largely based upon the August 19, 1993 Opinion, was signed on August 19, 1993, but not filed until August 24, 1993; it will be referred to as the August 24, 1993 Opinion.

noted three other district court opinions decided since *Thomas Solvent* that appeared to support this interpretation, but also acknowledged that there was no consensus among the courts. Also, this Court noted that the Sixth Circuit had not addressed the issue.

Finding that *Thomas Solvent* remained the law of this District and that there was no consensus of other courts for a contrary interpretation, this Court ruled that a section 107 action was available to plaintiffs in the present case. This Court added that it looked forward to a time when the Sixth Circuit would decide this difficult issue. In September 1993, defendants moved for reconsideration of the August 1993 Order, and, in the alternative, requested certification of an interlocutory appeal of the decision to the Sixth Circuit. This Court repeated its view that CERCLA permits plaintiffs to proceed under section 107, but certified the appeal to the Sixth Circuit. Unfortunately, on February 3, 1994, the Court was notified that the Sixth Circuit refused to decide the certified appeal.

**DISCUSSION**

■ As recognized by both parties, reconsideration of earlier orders is proper when the controlling law has changed or where the prior decision was clearly erroneous. *Shakman v. Democratic Organization of Cook County*, 844 F.Supp. 422, 425 (N.D.Ill.1994). Prior rulings are subject to principles of finality and repose, and ordinarily should not be altered, in the absence of changed circumstances or unforeseen issues, unless clearly erroneous. *Wyoming v. Oklahoma*, 502 U.S. 437, 446, 112 S.Ct. 789, 796, 117 L.Ed.2d 1, 17 (1992).

■ In the present motion, defendants primarily repeat the arguments made in their original motion and in their motion for reconsideration, both filed in 1993. However, they provide considerable case law since that time to indicate a near consensus, which was lacking in 1993, that a CERCLA section 107 action is not available for plaintiffs that are themselves liable parties, as defined in the section; that is, that such efforts to reapportion costs are properly viewed as suits for contribution, pursuant to section 113

of CERCLA. *See* cases cited *infra.* Although it is clear that there has been no change in the controlling law, defendants assert that based upon the consensus of the five circuits to directly address the issue, three of which were issued after the original decision in this case, this Court should find that its original interpretation was clearly erroneous.

The Court has found no circuits to have specifically held that a party liable under section 107 has the option to seek cost recovery under section 107. One important aspect of this issue is that section 107 permits a finding of joint and several liability under many circumstances, while a section 113 contribution action does not permit joint and several liability.

As noted by plaintiffs, although it did not address the present issue directly, the Sixth Circuit has permitted a private party to proceed with a section 107 case. *Velsicol Chemical Corp. v. Enenco, Inc.*, 9 F.3d 524, 530 (6th Cir.1993). However, the issue of whether such a private party is actually restricted to bringing a section 113(f) action for contribution was apparently, and inexplicably, not raised in the case. The plaintiff in *Velsicol* also brought a separate claim for contribution under section 113(f). *Velsicol* involved a situation similar to the present case: a company and city that had dumped waste at a polluted site cooperated with the United States Environmental Protection Agency in remediating the site; and the company brought a subsequent cost recovery action under section 107 against other potentially liable parties.

The issues in *Velsicol* were whether the statute of limitations period added to CERCLA in 1986 for section 107 claims could be retroactively applied and whether the equitable defense of laches was available for a section 107 claim. *Id.* at 526. The district court dismissal of Velsicol's claims was based on the equitable defense of laches and on the statute of limitations. *Id.* at 527. The Sixth Circuit reversed, ruling both that the statute of limitations period added to CERCLA in 1986 could not be retroactively applied to an accrued but not yet filed cost recovery claim

and that the defense of laches was not among the limited specific defenses authorized in section 107. *Id.* at 530. The court stated that section 113(f), which provides for contribution actions, specifically permitted equitable defenses, while section 107, which provides for cost recovery actions, omitted equitable defenses from its enumerated listing. *Id.* (citing *United States v. Kramer,* 757 F.Supp. 397, 427 (D.N.J.1991)). If plaintiff Velsicol was restricted solely to a section 113 action, then the issue of the non-applicability of equitable defenses to section 107 actions was irrelevant.

Although *Velsicol* did not address the issue directly, it certainly supports a conclusion that a private company, such as Velsicol Chemical Corporation, could maintain a cost recovery action directly through section 107, even though it was itself a liable party under that section. More recently, the Supreme Court issued a decision that discussed the scope of damages recoverable in a section 107 action brought by a party that was itself liable under section 107. *Key Tronic Corp. v. United States,* —— U.S. ——, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994).

In *Key Tronic,* the plaintiff brought a section 107 claim for costs it incurred before entering into a settlement with the EPA and brought a section 113 claim for contribution concerning its $4.2 million commitment to the EPA incurred through the settlement agreement. *Id.,* —— U.S. at —————, 114 S.Ct. at 1963–64, 128 L.Ed.2d at 802–03. The Supreme Court held that attorneys' fees in general were not available to private parties bringing cost recovery actions under section 107. *Id.,* —— U.S. at ——, 114 S.Ct. at 1967, 128 L.Ed.2d at 807. The Court also stated that following the 1986 amendment to CERCLA (SARA), the statute now "expressly authorizes a cause of action for contribution in § 113 and impliedly[2] authorizes a similar and somewhat overlapping remedy in § 107." *Id.* —— U.S. at ——, 114 S.Ct. at 1966, 128 L.Ed.2d at 805. The Court also stated that section 107 "unquestionably provides a cause of action for private parties to seek recovery of cleanup costs...." *Id.,* —— U.S. at ——, 114 S.Ct. at 1966, 128 L.Ed.2d at 806.

As with *Velsicol,* the *Key Tronic* case did not address the issue of whether a private company's cost recovery claim under section 107 should be considered or limited to a contribution claim under section 113(f). However, both cases involved claims made under both sections and addressed issues directed solely at the section 107 claims.

Although neither *Key Tronic* nor *Velsicol* were faced with the precise issue in the present motion, both cases permitted liable parties to maintain section 107 actions and decided the issues in those cases based upon the actions being under section 107, not actions under section 113. Given these opinions from the two courts with precedential authority over this Court, this Court's ruling that the cost recovery action could proceed under section 107 instead of section 113 does not appear to have been clearly erroneous.

This Court has reviewed the recent opinions issued by other circuits since November 1993, cited by defendants, which have held that an action for cost recovery when brought by a liable party is necessarily confined to being considered an action for contribution under section 113. *See Akzo Coatings, Inc. v. Aigner Corp.,* 30 F.3d 761 (7th Cir.1994); *United Technologies Corp. v. Browning–Ferris Indus.,* 33 F.3d 96 (1st Cir. 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1176, 130 L.Ed.2d 1128 (1995); *United States v. Colorado & Eastern R.R. Co.,* 50 F.3d 1530 (10th Cir.1995). The most recent of these opinions, *Colorado & Eastern R.R.* omitted any discussion or reference concerning the Supreme Court's opinion in *Key Tronic.*

These cases hold that "any claim that would reapportion costs between these parties is the quintessential claim for contribution." *See Colorado & Eastern R.R.,* 50 F.3d at 1536 (citing Restatement (Second) of Torts

---

**2.** The three-justice dissent found that section 107 provided an express right of action to private litigants, not merely an implied right. *Id.,* —— U.S. at —————, 114 S.Ct. at 1968–69, 128 L.Ed.2d at 808–09 (Scalia, J., dissenting). The dissent found that the section 107 claim constituted "enforcement activities" under the statute and that attorneys fees, which the majority ruled were not recoverable, should be allowed. *Id.*

886A (1979)). The cases assert that if parties that are liable under section 107 are allowed to recover expenditures incurred in cleanup and remediation from other liable parties under section 107's strict liability scheme, section 113(f) would be rendered meaningless. *See id.* at 1536.

While the interpretation of CERCLA provided in the cases cited by defendants is certainly plausible, as discussed briefly below this Court finds that the interpretation ignores the plain language of section 107, serves some of the purposes of CERCLA less well, and appears to conflict with the Supreme Court's language in *Key Tronic.*

"Section 107(a) provides that responsible parties are liable for 'any ... necessary costs of response incurred by any other person consistent with the national contingency plan.'" *Key Tronic,* —— U.S. at ——, 114 S.Ct. at 1964, 128 L.Ed.2d at 803. "Response" means "remove, removal, remedy and remedial action," including related enforcement activities. *Id.* As noted above, the Supreme Court held that this language specifically implies "a private cause of action for private parties to seek recovery of cleanup costs," though the right is "not explicitly set out in the text of the statute." *Id.,* —— U.S. at ——, 114 S.Ct. at 1964, 128 L.Ed.2d at 806. The Supreme Court specifically recognized that the remedy in section 107 was "somewhat overlapping" with the express remedy provided in section 113. The Supreme Court was unwilling to find that such an implied right of action under section 107 also provided clearly enough for the recovery of attorneys fees, although such litigation expenses were among the costs of enforcement. *Id.,* —— U.S. at ——, 114 S.Ct. at 1967, 128 L.Ed.2d at 807. An interpretation that there is no longer a right of action under section 107 for parties that themselves were liable under that section renders the Supreme Court's reasoning and legal conclusions concerning section 107 meaningless. Such an interpretation also draws a distinction between the rights of "innocent" private parties and the rights of potentially liable parties to recover from other liable parties that does not appear in the statute itself. *Cf. Browning–Ferris,* 33 F.3d at 99.

Finally, this Court agrees with the analysis in *Companies for Fair Allocation v. Axil Corp.,* 853 F.Supp. 575 (D.Conn.1994), which was similarly faced with a motion to dismiss the cost recovery claim made under section 107 by a plaintiff that had entered into a consent decree with government agencies to incur costs in investigating and responding to releases of hazardous substances at a landfill. *Id.* at 576–77. The court held that a plaintiff's status as a liable party under section 107 does not preclude it from pursuing a section 107 claim for cost recovery. *Id.* at 580.

The court in *Axil* recognized, as has been stated by this Court, that although the plaintiff may be permitted to recover all of its response costs, even though it bears a proportionate responsibility for those costs, the plaintiff would have to pay back its equitable share in a section 113 proceeding. *Id.* The court noted that if parties liable under section 107 were limited solely to contribution claims, thus barred from seeking joint and several liability from other liable parties, such a party " 'if otherwise amenable to cleanup may be discouraged from doing so if it knows that, where the harm is indivisible, its only recourse for reimbursement is contribution from solvent [potentially responsible parties].' " *Id.* at 579 (quoting *Allied Corp. v. Acme Solvents,* 691 F.Supp. 1100, 1118 (N.D.Ill.1988), *but see, Akzo Coatings,* 30 F.3d at 764–65 (Seventh Circuit has since held that actions by liable parties were necessarily viewed as claims for contribution and governed by section 113(f))).

By permitting parties, including liable parties, to have a private right of action under section 107 to recover all costs incurred by such parties, except for those which may be owed back as their equitable share of contribution in a section 113 action, it encourages "prompt and complete response actions to ... dangerous contamination." *Thomas Solvent,* 790 F.Supp. at 717.

In summary, this Court cannot find that its previous decision was clearly erroneous. The decision to permit plaintiffs to proceed with their action under CERCLA section 107, instead of forcing the action to be amended to be one for contribution under

section 113, appears to be more consistent with the Sixth Circuit and Supreme Court opinions cited above. Also, the distinction made in the cases cited by defendants between the section 107 rights of an innocent private party and the lack of section 107 rights for a potentially liable party that incurs response costs is not supported by any restrictive language in section 107 itself. Finally, the purpose of CERCLA in having potentially liable parties promptly undertake cleanup activities, rather than having governmental agencies performing the cleanup activities and later seeking reimbursement from potentially liable parties for costs incurred, is better served by permitting private parties that perform cleanup activities to seek joint and several liability of other liable parties under section 107.

For the foregoing reasons, defendants' motion to reconsider the August 19, 1993 Opinion and Order denying their motion to dismiss the section 107 action is denied.