**KALAMAZOO RIVER STUDY GROUP, Plaintiff,**

v.

**ROCKWELL INTERNATIONAL, et al., Defendants.**

No. 1:95–CV–838.

United States District Court, W.D. Michigan, Southern Division.

Jan. 15, 1998.

Alan C. Bennett, Law, Weathers & Richardson, Grand Rapids, MI, Jerome T. Wolf, Sonnenschein Nath & Rosenthal, Kansas City, MO, for plaintiff.

Kathryn J. Humprey, Joseph C. Basta, Dykema Gossett, PLLC, Detroit, MI, for Rockwell Intern. Corp., Eaton Corp.

Thomas M. Weibel, Smith, Haughey, Rice & Roegge, PC, Grand Rapids, MI, for Hercules, Inc.

Dustin P. Ordway, James Gavin O'Connor, Dickinson Wright, PLLC, Grand Rapids, MI, for Menasha Corp.

Douglas E. Wagner, Warner, Norcross & Judd, LLP, Grand Rapids, MI, for Upjohn Co.

Arthur H. Siegal, Jaffe, Raitt, Heuer & Weiss, PC, Detroit, MI, for Rock–Tenn Company, Mill Division, Inc.

***OPINION***

ROBERT HOLMES BELL, District Judge.

This is a civil action brought by Plaintiff Kalamazoo River Study Group ("KRSG") seeking to hold various other entities liable for response costs incurred in cleaning up hazardous wastes at the Allied Paper, Inc./Portage Creek/Kalamazoo River Superfund Site (the "Site"). This matter is currently before the Court on Defendants Rock–Tenn Company, Mill Division, Inc. and Menasha Corp.'s motions for partial summary judgment. Rock–Tenn and Menasha seek an order dismissing KRSG's claim for joint and several liability under § 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, and dismissing all claims for recovery of response costs or other damages arising out of contamination found upstream of these defendants' facilities.

**I.**

■ KRSG's eight-count restated first amended complaint[1] includes claims under CERCLA §§ 107 and 113(f). Count I of Plaintiff's complaint is a claim under CERCLA § 107, 42 U.S.C. § 9607, for recovery of response costs.[2] Plaintiff seeks to hold Defendants jointly and severally liable for all response costs incurred and to be incurred by Plaintiff at the Site. Count II is a claim under CERCLA §§ 107(a)(3) and 113(f), 42 U.S.C. § 9613(f), for contribution for response costs that are in excess of Plaintiff's fair proportionate share.[3]

KRSG does not dispute that its members are partially responsible for the cleanup of the hazardous wastes at the Site. Through this motion for partial summary judgment

---

1. Plaintiff's restated first amended complaint has been further amended through stipulated orders dated March 4, 1997 (Docket # 245) and July 21, 1997 (Docket # 450).

2. Section 9607(a) authorizes suit against certain statutorily defined "responsible parties" to recover costs incurred in cleaning up hazardous waste disposal sites. Under § 107, each PRP is liable for "(A) all costs ... incurred by the United States Government or a State or an Indian tribe ..." and "(B) any other necessary costs or re-

sponse incurred by *any other person....*" 42 U.S.C. § 9607(a) (emphasis added).

3. 42 U.S.C. § 9613(f) provides in pertinent part:

   Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title.

Rock–Tenn and Menasha request the Court to determine whether CERCLA provides a party who is partly liable for the cleanup of a hazardous waste site with a claim under § 107 against other potentially responsible parties for the joint and several recovery of the totality of its cleanup costs.

In evaluating a motion to dismiss under Rule 12(b)(6) the Court must construe the complaint in the light most favorable to plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claims that would entitle it to relief. *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995) (citing cases).

The Sixth Circuit has not directly addressed the issue of whether § 107 actions are available to PRPs.[4] However, all of the Circuit Courts that have considered this issue have held that PRPs cannot sue other PRPs under § 107 for joint and several liability. Liable parties can sue only for contribution under § 113. *See Pinal Creek Group v. Newmont Mining Corp.*, 118 F.3d 1298 (9th Cir.1997); *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116 (3rd Cir. 1997); *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489 (11th Cir.1996); *United States v. Colorado & Eastern R. Co.*, 50 F.3d 1530 (10th Cir.1995); *United Technologies Corp. v. Browning–Ferris Industries, Inc.*, 33 F.3d 96 (1st Cir.1994), *cert. denied*, 513 U.S. 1183, 115 S.Ct. 1176, 130 L.Ed.2d 1128 (1995); *Akzo Coatings, Inc. v. Aigner Corp.*, 30 F.3d 761, 764 (7th Cir. 1994).[5]

> Every court of appeals that has examined this issue has come to the same conclusion: a section 107 action brought for recovery of costs may be brought only by innocent parties that have undertaken clean-ups.

An action brought by a potentially responsible person is by necessity a section 113 action for contribution.

*New Castle*, 111 F.3d at 1120.

Plaintiff KRSG argues that § 107 claims should not be limited to suits by "innocent parties." KRSG contends that allowing a claim for joint and several liability by one PRP against another is consistent with the clear language of the statute which allows a § 107 claim by "any other person;" fulfills CERCLA's purpose of encouraging quick and voluntary responses from PRPs; and ensures that the original PRPs are not left paying the orphan's share, i.e., that share of response costs attributable to entities that are insolvent, or cannot be identified or located.

In support of this contention Plaintiff has cited a number of district court cases, including two cases from this district, that have determined that PRPs can bring suit against other PRPs under § 107. *See, e.g., Laidlaw Waste Systems, Inc. v. Mallinckrodt, Inc.*, 925 F.Supp. 624, 630 (E.D.Mo.1996); *Pneumo Abex Corp. v. Bessemer & Lake Erie R.R. Co.*, 921 F.Supp. 336, 347–48 (E.D.Va. 1996); *Idylwoods Assoc. v. Mader Capital, Inc.*, 915 F.Supp. 1290, 1313 (W.D.N.Y.1996); *Barmet Aluminum Corp. v. Doug Brantley & Sons, Inc.*, 914 F.Supp. 159, 164 (W.D.Ky. 1995); *Charter Twp. of Oshtemo v. American Cyanamid Co.*, 910 F.Supp. 332 (W.D.Mich. 1995) (Enslen, C.J.) (while noting near consensus that § 107 action was not available for PRPs, Court denied motion for reconsideration of prior order allowing PRP's claim under § 107 because prior ruling was not clearly erroneous); *Kelley v. Thomas Solvent Co.*, 790 F.Supp. 710 (W.D.Mich.1990) (Enslen, J.).[6]

---

4. In the absence of a challenge the Sixth Circuit has allowed a PRP to proceed with a claim under § 107. *See Velsicol Chem. Corp. v. Enenco, Inc.*, 9 F.3d 524 (6th Cir.1993).

5. The Supreme Court has also implied that a CERCLA claim by one PRP against another is limited to a claim for contribution. In *Key Tronic Corp. v. United States*, 511 U.S. 809, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994), the Court observed that CERCLA sections 104 and 106 make it clear that the parties described in § 107 are liable to the government.

> That § 107 imposes liability on A for costs incurred "by any other person" *implies* —but does not expressly command—that A may have a claim for *contribution* against those treated as joint tortfeasors.

128 L.Ed.2d at 806 n. 11 (emphasis added).

6. Significantly, more recent district court decisions from within the Sixth Circuit have held that a PRP may not bring a 107 claim. *See e.g., Dartron Corp. v. Uniroyal Chemical Co.*, 917 F.Supp. 1173 (N.D.Ohio 1996); *Plaskon Electronic Materials, Inc. v. Allied–Signal, Inc.*, 904

Although Plaintiff's position is not without support, upon review of the statute and the arguments raised by the parties, this Court is convinced that limiting PRPs to contribution claims is consistent with the language and policy of CERCLA. This Court will accordingly follow the lead of the recent circuit court decisions on this issue.

CERCLA § 107 was part of the initial 1980 CERCLA legislation. Section 107 imposes liability on potentially responsible parties ("PRPs") for necessary response costs "incurred by any other person." 42 U.S.C. § 9607(a)(4)(B). Liability is joint and several unless a reasonable basis exists for apportioning damages. Although § 107 establishes a basis for liability, it does not explicitly create a private cause of action. In numerous early cases the courts interpreted CERCLA to impliedly authorize a private cause of action under § 107. *Key Tronic Corp. v. United States,* 511 U.S. 809, 114 S.Ct. 1960, 128 L.Ed.2d 797, 805 (1994). CERCLA § 113(f) was added by the Superfund Amendment and Reauthorization Act ("SARA") in 1988. A principle objective of § 113(f) was to clarify and confirm existing law by expressly authorizing one PRP to seek contribution from other PRPs for liability in excess of the fair proportionate share of the party seeking contribution. *Colorado & Eastern R. Co.,* 50 F.3d at 1535; *United Technologies,* 33 F.3d at 100–01. Section 113 provides that "the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate." 42 U.S.C. § 9613(f)(1).

Limiting PRPs to a contribution action is consistent with the language and the purpose of CERCLA. If a PRP were able to bring a § 107 claim for joint and several liability against another PRP, it could recoup all of its expenditures regardless of fault. "This strains logic. '[I]t is sensible to assume that Congress intended only innocent parties—not parties who were themselves liable—to be permitted to recoup the whole of their expenditures.'" *New Castle,* 111 F.3d at

F.Supp. 644, 651–52 (N.D.Ohio 1995) (action by PRP who is not innocent party must be con-

1121 (quoting *United Technologies,* 33 F.3d at 100).

Permitting a PRP to bring a § 107 claim against other PRPs would also render § 113(f) meaningless. A claim under § 107 is for joint and several liability and has a 6 year statute of limitations. 42 U.S.C. § 9613(g)(2). A claim under § 113 is for several liability only, and has a 3 year statute of limitations. 42 U.S.C. § 9613(g)(3).

> Allowing a potentially responsible person to choose between section 107 (with a six-year statute of limitations and joint and several liability) and section 113 (with a three-year statute of limitations and apportioned liability based upon equitable considerations) would render section 113 a nullity. Potentially responsible persons would quickly abandon section 113 in favor of the substantially more generous provisions of section 107. We will not read section 107 so broadly that section 113 ceases to have any meaningful application.

*New Castle,* 111 F.3d at 1123.

This Court agrees with the unanimous approach of the six Circuit Courts that have addressed this issue, that CERCLA, read as a whole, does not permit a claim by one PRP against other PRPs for joint and several liability:

> [A] claim by one PRP against another PRP necessarily is for contribution. A PRP's contribution liability will correspond to that party's equitable share of the total liability and will not be joint and several. CERCLA simply does not provide PRPs who incur cleanup costs with a claim for the joint and several recovery of those costs from other PRPs.

*Pinal Creek,* 118 F.3d at 1301 (footnote omitted).

Accordingly, Defendants Rock–Tenn and Menasha's motions to dismiss the joint and several claim against them under CERCLA § 107 will be granted.

strued as one for contribution).

## II.

Defendants Rock–Tenn and Menasha have also moved for partial summary judgment on Plaintiff's claims relating to portions of the site located upstream of Defendants' facilities. Defendants seek an order declaring that they are not liable for PCB contamination found upstream of their facilities.

KRSG opposes entry of summary judgment on the basis that Defendants' argument is premature and ill-founded. The Court's first case management order bifurcated the trial of this case into two phases: liability and allocation of damages. Plaintiff contends that the argument with respect to upstream contamination is an allocation argument and, as such, is premature at this stage of the case.

In addition, Plaintiff contends there are issues of fact that preclude entry of the judgment requested by Defendants. While Defendants may not have contributed to upstream contamination, the costs associated with studying and monitoring the upstream contamination bear upon, and are necessary costs of response with respect to, downstream contamination in that they were necessary to monitor, assess, and evaluate the release of PCBs throughout the entire site. The term "response costs" includes those actions "necessary to monitor, assess, and evaluate the release" of a hazardous substance. 42 U.S.C. § 9601(23); 40 C.F.R. § 300.5. A simple geographical boundary will not address the preliminary assessment investigative activity by the KRSG.

■ The Court agrees that Defendants' motion with respect to divisibility of harm should be denied. Divisibility of harm is a defense to a cost recovery claim under § 107 claim where liability is joint and several. It is not a defense to a contribution claim. *Redwing Carriers*, 94 F.3d at 1513.

> While the "divisibility" defense to joint and several liability is frequently invoked in cost recovery actions brought under § 107(a), it is not a defense to a contribution action under § 113(f). In contrast to a § 107(a) action, a contribution claim under § 113(f) is a means of equitably allocating response costs among responsible or potentially responsible parties.... Whereas joint and several liability is the rule for defendants in actions under § 107(a), courts in contribution cases may "allocate response costs among liable parties." *See* 42 U.S.C. § 9613(f)(1).... Since there is no joint and several liability among defendants in a contribution action, the divisibility defense has no relevance as a "defense" in these cases.

*Id. See also New Castle*, 111 F.3d at 1122 n. 6 ("[W]hile a defendant in a section 107 action can only avoid joint and several liability by demonstrating that the harm at a given site is divisible, ... parties to a section 113 action may allocate liability among potentially responsible persons based on equitable considerations."). Of course, distinguishing which parties caused the harm in divisible portions of the river will be a relevant and appropriate factor for the Court to consider in allocating response costs under § 113(f). *Redwing Carriers*, 94 F.3d at 1514 n. 32.

Defendants cite a number of cases in support of their contention that divisibility of harm is an issue in the liability phase of a CERCLA trial. *See e.g. Matter of Bell Petroleum Services, Inc.*, 3 F.3d 889 (5th Cir. 1993); *United States v. Alcan Aluminum Corp.*, 990 F.2d 711 (2nd Cir.1993). All of the cases Defendants cite, however, involve claims under § 107 for joint and several liability. The rationale applied in those cases in inapposite to an action for contribution.

In light of the Court's determination above that Plaintiff is limited to a contribution action against Defendants, divisibility of harm has no relevance at the liability phase of this case. This issue is more properly reserved for the allocation of damages phase of the case. Accordingly, Defendants' request for an order limiting their liability for harm upstream must be denied.