The COMPANIES FOR FAIR
ALLOCATION

v.

AXIL CORPORATION, et al.

Civ. No. 2:92CV00674(AHN).

United States District Court,
D. Connecticut.

May 11, 1994.

Robert G. Dunn, Pepe & Hazard, Hartford, CT, for plaintiffs.

David Platt, Murtha, Cullina, Richter & Pinney, Hartford, CT, for defendant.

## RULING ON MOTION TO DISMISS

NEVAS, District Judge.

The plaintiffs, the Companies for Fair Allocation ("plaintiffs"), bring this action against the defendants, the Axil Corporation; J.P.S. Manufacturing, Inc.; Dynamics Corporation; BNB Manufacturing, Inc.; Sanitary Services Corporation; Kaman Music Corporation; Automated Material Handling, Inc.; Tom Corvo, Ltd.; John Fiori; The Dino Corporation, Isabell Bull; and M.S.I., Inc.,[1] pursuant to sections 107(a) and 113(f) of the Comprehensive Environmental Response, Compensation and Liability Act, as amended by the Superfund Amendments and Reauthorization Act of 1986 ("CERCLA"), 42 U.S.C. §§ 9607(a) and 9613(f). Plaintiffs seek to recover response costs incurred or to be incurred by the plaintiffs in relation to the hazardous waste cleanup of a public landfill site.

Presently, defendants J.P.S. Manufacturing Corporation and Kaman Corporation ("defendants") move to dismiss counts one and two of the complaint. Defendants argue that as potentially responsible parties ("PRPs"), the plaintiffs have no private right to recovery under § 107, and that their claim for contribution must fail because the plaintiffs have not accepted liability for the site clean-up. For the reasons that follow, the defendants' motion [doc. # 43] is DENIED.

## STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the court is required to accept as true all factual allegations in the complaint and draw inferences from these allegations in the light most favorable to the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Easton v. Sundram,* 947 F.2d 1011, 1014–1015 (2d Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegation, it is clear that no relief can be granted. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Frasier v.*

---

1. These are the defendants named in the Second Amended Complaint, which was filed after the motion to dismiss, but while the motion was still pending. The substantive allegations in this complaint are identical to the those in the First Amended Complaint; the only difference appears to be that the defendant Devrex Cutter Grinding, Inc., named in the First Amended Complaint, is not named in the Second Amended Complaint. Thus, because it is the most recently filed complaint and does not raise any new issues for the purposes of the motion to dismiss, the court will construe the motion to dismiss as directed to the Second Amended Complaint (the "complaint").

*General Elec. Co.,* 930 F.2d 1004, 1007 (2d Cir.1991). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." *United States v. Yale New Haven Hosp.,* 727 F.Supp. 784, 786 (D.Conn.1990) (citing *Scheuer,* 416 U.S. at 232, 94 S.Ct. at 1684).

### FACTS

The facts, as alleged in the plaintiffs' complaint, are as follows. The Barkhamsted Landfill (the "Landfill"), located in the towns of Barkhamsted and New Hartford, Connecticut, began operations in or about 1974. Between 1974 and 1988, the Landfill accepted industrial and commercial solid and liquid wastes for disposal.

In 1989, following a site inspection by the United States Environmental Protection Agency ("EPA"), the Landfill was listed on the National Priorities List for Superfund cleanup sites because it contained substances designated as hazardous under § 101(14) of CERCLA, 42 U.S.C. § 9601(14). The defendants and plaintiffs in this action received "Special Notice" letters from the EPA pursuant to § 122(e) of CERCLA, 42 U.S.C. § 9622(e), notifying them that the EPA had reason to believe each of them had arranged for the disposal or treatment of waste containing hazardous substances at the Barkhamsted Landfill, or had accepted for transport to the Barkhamsted Landfill wastes containing hazardous substances.

In 1990, the Connecticut Department of Environmental Protection ("CT DEP"), issued an order requiring the owner and operator of the Landfill to investigate the waste materials on site and the potential impact of the Landfill's activities and waste on human health and the environment.

In 1991, the plaintiffs, voluntarily and without admission of liability, entered into an Administrative Order by Consent ("Consent Order") with the EPA, CT DEP and others. The Consent Order obligated them to perform a Remedial Investigation and Feasibility Study ("RI/FS") to determine the nature and extent of contamination and any threat to the public health, welfare or the environment caused by the release or threatened release of hazardous substances, pollutants or contaminants from the Landfill.

As a result of their obligations under the Consent Order, the plaintiffs have incurred and will continue to incur response costs in connection with the site, including, but not limited to, response costs in connection with the RI/FS and the DEP Order. The plaintiffs allege that their expenditures to date, and their planned expenditures, have been and will be consistent with the National Contingency Plan.

In the first count of their complaint, plaintiffs claim that pursuant to § 107 of CERCLA, 42 U.S.C. § 9607, and principles of federal common law, each defendant is jointly, severally and strictly liable to the plaintiffs for a fair and equitable share of all response costs incurred in connection with the Landfill.

In the second count, the plaintiffs claim that pursuant to § 113 of CERCLA, 42 U.S.C. § 9613, and principles of federal common law, each defendant is liable to the plaintiff for contribution of all response costs incurred by the members in connection with the Landfill in excess of any share of such costs found to be fairly and equitably allocable to the members. Alternatively, the plaintiffs claim that each defendant is liable for the proportionate share of all response costs incurred by the plaintiffs in excess of any share of such costs found to be fairly and equitably allocable to the plaintiffs.

In the third count of the complaint, plaintiffs claim that pursuant to § 22a–452 of the Connecticut General Statutes, the defendants are liable to the plaintiffs for the defendants' pro rata share of the plaintiffs' costs of containing, and removing or otherwise mitigating the effects of the alleged pollution or contamination at the Landfill, and all damage caused thereby. This third claim is not at issue in the defendants' motion to dismiss.

### DISCUSSION

I. *The § 107 Claim*

The First Count of the Complaint is a claim for response costs under CERCLA § 107, 42 U.S.C. § 9607(a)(4)(B). The defen-

dants argue that this claim must be dismissed because, as the plaintiffs are themselves potentially responsible parties ("PRPs"), their exclusive remedy is one for contribution under § 113, and the § 107 claim is merely subsumed within the § 113 claim. The plaintiffs contend that § 113 is not the exclusive remedy and that PRPs may seek cost recovery under § 107. The court agrees.

Generally, to state a prima facie case for response costs under § 107, a plaintiff must allege the following:

> (1) the waste disposal site is a "facility" within the meaning of 42 U.S.C. § 9601(9); (2) a "release" or "threatened release" of any "hazardous substance" from the facility has occurred, *id.* § 9607(a)(4); and (3) such "release" or "threatened release" has caused the plaintiff to incur response costs that are "consistent with the national contingency plan," *id.* §§ 9607(a)(4) & (a)(4)(B).

*Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1152 (9th Cir.1989); *see also New York v. Shore Realty Corp.*, 759 F.2d 1032, 1043 (2d Cir.1985). In addition, the defendant must qualify as one of four categories of "covered persons" subject to CERCLA liability. 42 U.S.C. § 9607(a);[2] *Ascon Properties,* 866 F.2d at 1152. Moreover, "[a]bsent a showing by a preponderance of the evidence that one of the affirmative defenses contained in 42 U.S.C. § 9607(b) has been satisfied, the liability of covered parties for costs incurred in the clean-up is strict.... Where the environmental harm is indivisible, liabili-

ty is also joint and several." *United States v. A & N Cleaners and Launderers, Inc.,* 842 F.Supp. 1543, 1547 (S.D.N.Y.1994) (citing *B.F. Goodrich Co. v. Murtha,* 958 F.2d 1192, 1197 (2d Cir.1992)).

With these general principles in mind, plaintiffs state a prima facie case under § 107 as they have alleged: (1) that the Barkhamsted Landfill is a "facility" within the meaning of 42 U.S.C. § 9601(9), (2) a "release" of hazardous substances has occurred, and (3) the plaintiffs have incurred, and will incur, response costs consistent with the national contingency plan. (*See* Pl. Compl. ¶¶ 25–27.)

The defendants do not challenge this prima facie showing; rather, the defendants' argument for dismissal of this claim is two-fold: 1) as PRPs, plaintiffs lack standing to pursue a § 107 claim, and 2) under these facts, the § 107 and § 113 claims are not properly asserted as separate claims, but the § 107 claim is merely subsumed within the § 113 claim. The issues framed by these arguments appear to ones of first impression in this circuit.[3]

### A. Potentially Responsible Parties as Proper Plaintiffs

■ Section 107(a)(4) provides, in relevant part:

> any person who accepts or accepted any hazardous substances ... from which there is a release, or a threatened release which causes the incurrence of response costs, ... shall be liable for—
>
> or treatment facilities or sites selected by such person.

42 U.S.C. § 9607(a).

---

**2.** Under CERCLA, four classes of persons may be held liable:

> (1) the owner and operator of a vessel (otherwise subject to the jurisdiction of the United States) or a facility,
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility owned or operated by another party or entity and containing such hazardous substances, and
> (4) any person who accepts or accepted any hazardous substance for transport to disposal

**3.** The court notes that similar or related issues have been touched on, although not fully addressed, by other courts in this circuit. In *New York v. Exxon Corp.,* 766 F.Supp. 177, 198 (S.D.N.Y.1991), for example, the court did not fully address the issue but allowed the city, a potentially responsible party, to bring a cost recovery action against another potentially responsible party. The court reserved decision on the related issue as to whether the city should be held jointly and severally liable with the defendant, or whether the city was subject only to a counterclaim by the defendant for contribution.

(B) any other necessary costs of response incurred by *any other person* consistent with the national contingency plan.

42 U.S.C. § 9607(a)(4) (emphasis added).

The defendants contend that because the plaintiffs are themselves PRPs under CERCLA, the appropriate action is one for contribution under § 113, which provides for several, rather than joint and several, liability. However, the § 107 liability provision, with its use of the term "any other person" and its limited defenses to liability,[4] implies that Congress intended the liability provision to sweep broadly. *United States v. New Castle County,* 642 F.Supp. 1258, 1264 (D.Del.1986). While CERCLA is silent as to whether "any other person" includes other PRPs, a number of courts have found that allowing PRPs to pursue § 107 actions is consistent with the broad scope of liability that Congress intended. *See, e.g., United States v. SCA Servs. of Indiana, Inc.,* 849 F.Supp. 1264 (N.D.Ind. 1994); *Barton Solvents v. Southwest Petro-Chem., Inc.,* 1993 WL 382047 (D.Kan. Sept. 14, 1993); *Chesapeake and Potomac Tel. Co. v. Peck Iron & Metal Co., Inc.,* 814 F.Supp. 1269 (E.D.Va.1992); *Transportation Leasing Co. v. California,* Civ. No. 89–7368–WMB (C.D.Cal.1992) (unpublished order); *Allied Corp. v. Acme Solvents,* 691 F.Supp. 1100 (N.D.Ill.1988); *Chemical Waste Management, Inc. v. Armstrong World, Indus., Inc.,* 669 F.Supp. 1285, 1292 (E.D.Pa.1987); *Pinole Point Properties, Inc. v. Bethlehem Steel Corp.,* 596 F.Supp. 283, 291 (N.D.Cal. 1984) *Philadelphia v. Stepan Chem. Co.,* 544 F.Supp. 1135, 1143 (E.D.Pa.1982) (all finding that PRPs may pursue cost recovery under § 107).

The court in *Allied Corp.,* for example, held that "[n]otwithstanding the equitable nature of Section 107 claims, . . . the section clearly creates a right of cost recovery in 'any person,' including those who themselves are responsible parties under the Act." *Allied Corp.,* 691 F.Supp. at 1119. As the court explained, if PRPs were precluded from pursuing claims for joint and several liability under § 107, and limited to contribution claims and several liability, "a PRP who is otherwise amenable to cleanup may be discouraged from doing so if it knows that, where the harm is indivisible, its only recourse for reimbursement is contribution from the solvent PRPs." *Id.* at 1118.

Two recent cases, *SCA Servs.* and *Barton Solvents,* are directly on point and thus particularly informative. In each of those cases, as here, the plaintiffs obligated themselves through consent orders to incur response costs, without establishing liability, and then brought actions against non-settling defendants under both § 107 and § 113. The courts in both cases allowed the PRP plaintiffs to maintain the § 107 actions.[5] As the court in *Barton Solvents* explained:

> The weight of authority establishes that liability under CERCLA is joint and several.[6] Such liability extends to actions for cost recovery brought by private parties under CERCLA section 107, even actions by private parties who are potentially responsible parties.

*Barton Solvents,* 1993 WL 382047, at *5.

The *Barton Solvents* court thus concluded, contrary to the defendants' argument, that "an action for contribution is not the only type of recovery available to a potentially responsible party." *Id.*

Moreover, in *SCA Servs.,* the court reconciled the conflicting authority on this issue by distinguishing between cases where a nonsettling party attempted to recover response costs from a settling party, and cases in

---

**4.** The list of defenses to CERCLA liability is enumerated in § 107(b), 42 U.S.C. § 9607(b). These defenses are: (1) act of God, (2) act of war, (3) act or omission of independent third party, or (4) any combination of the first three.

**5.** In *Barton Solvents,* the court allowed both the § 107 and the § 113 claims to proceed. In *SCA Servs.,* the court dismissed the plaintiffs' claim for contribution as time barred. *SCA Servs.,* 849 F.Supp. at 1284 and n. 11.

**6.** The *SCA Servs.* court clarified that liability under § 107 may not be joint and several "if the harm is divisible and there is a reasonable basis for apportionment of damages. . . . Thus, upon the proper showing, each defendant in a § 107 action will be held liable only for the portion of harm it caused." *Id.* at 1284.

which a settlor has sought to recover response costs from nonsettlors. In the former category of cases, a § 107 claim implicates and threatens to undermine the contribution protection provision of § 113(f)(2).[7] Thus, to determine the viability of such a claim, courts must balance the competing goals of protecting settling parties from contribution and encouraging parties to initiate cleanup operations promptly and voluntarily. In the latter category of cases, to which this case belongs, where the defendants are nonsettlors, there are no such competing goals and the majority of courts have permitted the settling plaintiff to proceed with a § 107 action. *SCA Servs.,* 849 F.Supp. at 1281.

Significantly, many of the cases cited by the defendants in support of dismissal of the § 107 action fall into the former category, which does not apply in this instance. *See, e.g., Avnet, Inc. v. Allied–Signal, Inc.,* 825 F.Supp. 1132 (D.R.I.1992); *United States v. Asarco, Inc.,* 814 F.Supp. 951 (D.Colo.1993); *Transtech Indus., Inc. v. A & Z Septic Clean,* 798 F.Supp. 1079 (D.N.J.1992), *appeal dismissed,* 5 F.3d 51 (3d Cir.1993), *petition for cert. filed,* 62 USLW 3429 (Dec. 16, 1993).

Furthermore, the court notes that although one court denied standing to a responsible party through analogy to the doctrine of unclean hands, *see, e.g., Mardan Corp. v. C.G.C. Music, Ltd.,* 600 F.Supp. 1049 (D.Ariz.1984), *aff'd, Mardan Corp. v. C.G.C. Music, Ltd.,* 804 F.2d 1454 (9th Cir.1986), the weight of authority has rejected application of the doctrine as inconsistent with the purpose of CERCLA. In *United States v. Conservation Chemical Co.,* 628 F.Supp. 391 (W.D.Mo.1985), *modified,* 681 F.Supp. 1394 (W.D.Mo.1988), for example, the court stated:

> To give effect to the legislative intent [of CERCLA], the 'any other person' language in 42 U.S.C. § 9607(a)(1)–(4)(B) must be construed to refer to persons other than federal or state governments, and not to persons other than those made responsible under CERCLA (citations omit-

ted). Application of the unclean hands defense in this context would turn Congressional intent on its head.

*Id.* at 404–05. *Accord General Electric Corp. v. Litton Bus. Sys.,* 920 F.2d 1415, 1418 (8th Cir.1990); *cert. denied,* 499 U.S. 937, 111 S.Ct. 1390, 113 L.Ed.2d 446 (1991); *reh'g denied,* 500 U.S. 911, 111 S.Ct. 1697, 114 L.Ed.2d 91 (1991); *Allied Corp.,* 691 F.Supp. at 1119; *Chemical Waste Management, Inc.,* 669 F.Supp. at 1292. In sum, the court finds the recent authority on this issue persuasive and concludes that the plaintiffs' status as PRPs does not preclude them from pursuing a § 107 claim.

**B. *Pleading § 107 and § 113 as Separate Claims***

Nor is there authority for defendants' contention that the § 107 claim must be dismissed because it is merely subsumed by the § 113 claim. Rather, the case law indicates that as the two actions serve distinct purposes, they may be brought as separate claims in a single action. *See, e.g., Barton Solvents,* 1993 WL 382047; *Rockwell Int'l v. IU Int'l Corp.,* 702 F.Supp. 1384, 1391 (N.D.Ill.1988). In *United States v. Kramer,* 757 F.Supp. 397 (D.N.J.1991), for example, the court found that the two claims were not mutually exclusive even though they may overlap; as the court explained, "section 107 permits a PRP ... to collect all its response costs, even those that the same PRP may be required to pay back to other PRPs as its equitable share in a section 113 proceeding." *Kramer,* 757 F.Supp. at 416. In addition, citing the language of § 113(f)(1), 42 U.S.C. § 9613(f)(1), the *Allied Corp.,* court emphasized that "CERCLA now explicitly provides ... that '[a]ny person may seek contribution' during or after a cost recovery action under Section 107(a)," 691 F.Supp. at 1118, and allowed the PRP plaintiffs in the case to proceed with separate claims under § 107 and § 113.

---

**7.** This provision states as follows:
A person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement. Such settlement does not discharge any of the other potentially liable persons unless its terms so provide, but it reduces the potential liability of the others by the amount of the settlement.
§ 113(f)(2), 42 U.S.C. § 9613(f)(2).

The viability of separate § 107 and § 113 claims in a single action is further supported by *Chesapeake and Potomac Tel. Co.,* in which the court stated:

> the Court has little difficulty determining that [a responsible party] is entitled to bring its claim under Section 107, and that this action need not be recast as one solely for contribution, pursuant to Section 113.... The court will, of course, retain jurisdiction over this matter throughout its contribution phase, and will apportion liability in an equitable fashion at that time.

*Id.,* 814 F.Supp. at 1277 (imposing joint and several liability on the defendants for response costs apportioned to them exclusive of the costs attributable to the plaintiff).[8] The coupling of § 107 and § 113 claims in this action would allow the court to follow a similar approach in this case.

Furthermore, the defendants' reliance on *Ellman v. Woo,* 1991 WL 274838, 34 ERC 1969 (E.D.Pa. Dec. 16, 1991), in support of their argument is misplaced. The *Ellman* court asserted that a § 113 contribution claim can be made against a PRP without a § 107 cost recovery claim being made by the government against that same PRP. It did not hold that a § 107 claim cannot be made by a private plaintiff *in addition to* that party's § 113 claim.

## II. *The § 113(f) Claim*

▪ The second count of the complaint is a claim for contribution under CERCLA § 113, 42 U.S.C. § 9613. The defendants argue that the plaintiffs fail to state a § 113(f) claim for contribution, despite the Consent Order, unless or until the plaintiffs admit liability. The plaintiffs contend that the fact that they have voluntarily obligated themselves through the Consent Order without admitting liability does not bar them from seeking contribution under § 113. Again, the court agrees.

Generally, § 113(f)(1) provides a right of contribution for any party against any other party who is or may be liable for the release or threatened release of toxic materials. *See, e.g., Alloy Briquetting Corp. v. Niagara Vest, Inc.,* 802 F.Supp. 943, 944 (W.D.N.Y. 1992). This section provides in part:

> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title....

§ 113(f)(1), 42 U.S.C. § 9613(f)(1) (as amended).[9]

The defendants' argument for dismissal of the § 113 claim is flawed in a number of respects. First, it contradicts the plain language of the statute which states that "any person" may bring an action for contribution. Although the statute provides that contribution may only be sought *from* parties who are liable or potentially liable, the statute imposes no such liability requirement on parties *seeking* contribution.

Second, defendants' argument that the plaintiffs must allege liability before they may seek contribution is derived from common law tort principles, which are not clearly applicable to CERCLA. While some courts have used the Restatement (Second) of Torts for guidance under § 113(f)(1), *see, e.g., United States v. R.W. Meyer, Inc.,* 932 F.2d 568, 577 (6th Cir.1991); *United States v. Monsanto Co.,* 858 F.2d 160, 172 (4th Cir.1988), *cert. denied,* 490 U.S. 1106, 109 S.Ct. 3156, 104 L.Ed.2d 1019 (1989), its authority is limited.

Furthermore, the application of such principles in this instance is inconsistent with case law in this and other circuits. In *Alloy Briquetting Corp.,* 802 F.Supp. at 949, a recent Western District of New York opinion,

---

8. *Accord Rockwell Int'l Corp.,* 702 F.Supp. at 1391 (allowing PRPs to pursue § 107 claim for costs incurred as well as separate claim for declaratory judgment to determine § 113 liability). *See also Chesapeake and Potomac Tel.,* 814 F.Supp. at 1278 (discussing when imposition of joint and several liability is warranted).

9. In 1986, Congress enacted the Superfund Amendments and Reauthorization Act ("SARA"), Pub.L. No. 99–499. 100 Stat. 1647 (1986). These amendments clarified and confirmed "the right of a person held jointly and severally liable under CERCLA to seek contribution from other potentially liable parties...." H.R.Rep. No. 99–253, 99th Cong., 2d Sess. (1986), *reprinted in,* 1986 U.S.C.C.A.N. 2835, 2861.

for example, the court found that the plaintiff was entitled to seek contribution for past response costs even though the plaintiff had not been found liable and had not entered into a settlement agreement regarding response costs. *Accord Allied Corp.*, 691 F.Supp. at 1119 (allowing concurrent § 107 and § 113 claims). *Cf. United States v. Alcan Aluminum Corp.*, 990 F.2d 711, 723 (2d Cir.1993) (court has discretion to choose when to determine liability and apportionment).

Similarly, in *Rockwell Int'l Corp.*, the court rejected the argument that § 107 liability was a prerequisite to a § 113 claim, and permitted the plaintiff to seek a declaratory judgment under § 113 before the plaintiff's liability was established. As the court explained: "nothing in either the concept of contribution or CERCLA precludes a plaintiff from seeking a declaratory judgment . . . that defendants who are jointly and severally liable should pay contribution for certain portions of that liability, only in the event the plaintiff is later found liable." *Rockwell Int'l Corp.*, 702 F.Supp. at 1389.

In addition, in *Ellman*, cited by the defendants, liability was determined in the course of deciding the contribution action; the court did not treat the issue of liability as determinative of whether the plaintiff had standing to bring the contribution action, as the defendants essentially ask this court to do. *Accord New York v. Exxon Corp.*, 766 F.Supp. 177, 198 (S.D.N.Y.1991) (liability for response costs is appropriately considered in a § 113 proceeding for contribution). Indeed, in *Ellman*, although the court stated that the plaintiff was not "liable," the court found that the plaintiff was still entitled to recover half of the costs from the defendants, and remained free to seek additional remedies from other parties. *Ellman*, 34 ERC at 1972, n. 6.

Thus, the court concludes that regardless of whether the plaintiffs admit or allege liability, to the extent that they have incurred expenses and obligated themselves through the Consent Order, they are entitled to assert a claim for contribution under the statute. Indeed, a finding to the contrary would undermine the policy underlying CERCLA, as parties would have little incentive to assume responsibility for cleanups, if, without admitting liability, they were unable to assert claims for contribution.

### III. Confusion Caused by Pleading Counts 1 and 2

Finally, defendants argue that plaintiffs' claims must be dismissed because pleading contribution under § 107 and § 113 is unnecessarily confusing as there are inconsistencies between the sections concerning, for example, the right to a jury trial,[10] attorneys fees,[11] and burdens of proof. The court agrees with the plaintiffs, however, that even if the defendants' concern about the procedural awkwardness of this action is merited, such concern is not alone a basis to dismiss either of the plaintiffs' claims. *Cf. Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir.1985) (motion to dismiss is not to be granted unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

### CONCLUSION

Based on the foregoing, the defendants' motion to dismiss [doc. # 43] is DENIED.

SO ORDERED.

---

**10.** Relying on *United States v. Shaner*, 1992 WL 154572 (E.D.Pa. June 12, 1992) (Def.Ex. C), for example, defendants contend that although there is no right to a jury trial in a CERCLA cost recovery case, there is a right to a jury trial in a CERCLA § 113 contribution suit.

**11.** Attorneys' fees are generally not recoverable as response costs in actions under § 107 of CERCLA brought by private litigants. *See State of Idaho v. Hanna Mining Co.*, 882 F.2d 392, 396 (9th Cir.1989); *Mesiti v. Microdot, Inc.*, 739 F.Supp. 57, 62–63 (D.N.H.1990); *T & E Indus., Inc. v. Safety Light Corp.*, 680 F.Supp. 696, 707–08 (D.N.J.1988). *But see General Elec. Co. v. Litton Business Sys., Inc.*, 920 F.2d 1415 (8th Cir.1990).