**BETHLEHEM IRON WORKS, INC.** and Steel Structures Corp., Plaintiffs,

v.

**LEWIS INDUSTRIES, INC.,** Charles P. Lewis, and Johnston Industries, Inc., Defendants.

Civ. A. No. 94–0752.

United States District Court, E.D. Pennsylvania.

June 16, 1995.

Philip J. Katauskas, Brian P. Downey, Pepper, Hamilton, & Scheetz, Harrisburg, PA, for Bethlehem Iron Works.

Stephen W. Wiener, Wiener & Wiener, Allentown, PA, for Steel Structures Corp.

Thomas C. Sadler, Jr., Leann Diehl, Tallman, Hudders & Sorrentino, Allentown, PA, Denis V. Brenan, Morgan, Lewis & Brockius, Philadelphia, PA, for Johnston Industries, Inc.

Charles P. Lewis, Gilbert, AZ, pro se.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Defendant Johnston Industries, Inc. ("Johnston") has moved for summary judgment. Plaintiffs Bethlehem Iron Works, Inc. and Steel Structures Corp. (collectively "Plaintiffs") raise claims pursuant to section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), and section 1101 of the Pennsylvania Hazardous Sites Cleanup Act ("HSCA"), 35 Pa.Cons. Stat.Ann. § 6020.1101, to recover response costs incurred at a site located in Salisbury Township, Lehigh County, Pennsylvania.

Johnston argues that Plaintiffs are prohibited from raising their claims as a matter of law. First, it argues because Plaintiffs are liable parties, they cannot assert claims pursuant to CERCLA section 107(a), 42 U.S.C. § 9607(a). Second, they argue that the HSCA does not authorize a private right of action. For the following reasons, Johnston's motion is **DENIED**.

## I. Introduction

### A. Facts

On February 26, 1968, Bethlehem Fabricators, Inc., a predecessor corporation of Johnston, purchased the property that is the subject of this dispute. Following that purchase, Bethlehem Fabricators, Inc. constructed a structural steel fabricating plant on the property and operated the plant until 1982. In 1983, the property was sold to Charles P. Lewis, the sole stockholder of Lewis Industries, Inc. Mr. Lewis owned and operated a structural steel fabrication facility on the property. In 1985, Plaintiffs began to own and operate the structural steel fabrication facility. The facility is no longer in operation.

Plaintiffs allege that they have incurred approximately $3 million in environmental cleanup costs of the site. Plaintiffs seek to recover costs from Charles Lewis, Lewis Industries, Inc., and Johnston. There is no evidence on the record that any of the parties to this action were ever subject to any judgment, consent decree, or other agreement with the state or federal government concerning liability for the contamination or responsibility for the cleanup of the site.

### B. Summary Judgment Standard

Summary judgment is proper when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The court's role is to determine "whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 637 (3d Cir.1993). The moving party has the burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

## II. CERCLA Section 107 Claim

### A. CERCLA Overview

■ CERCLA imposes liability broadly. Section 107(a) imposes liability on four

classes of potentially responsible parties ("PRPs"): (1) the owner and operator of the facility; (2) any person who owned or operated the facility at the time of disposal of any hazardous substance; (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment of hazardous substances owned or possessed by that person; and (4) any person who accepted any hazardous substances for the transport to disposal or treatment sites selected by that person. 42 U.S.C. § 9607(a)(1)–(4). Section 107(a) provides an implied cause of action for private parties to seek recovery of response costs. *Key Tronic Corp. v. United States,* — U.S. ——, ——, 114 S.Ct. 1960, 1966, 128 L.Ed.2d 797 (1994). In section 107(a) actions, PRPs are strictly liable if there was a release or threat of a release of a hazardous substance at a facility and a person incurred necessary response costs consistent with the national contingency plan ("NCP"). 42 U.S.C. § 9607(a). *See also* 42 U.S.C. § 9601(32); *United States v. Monsanto Co.,* 858 F.2d 160, 167 (4th Cir.1988), *cert. denied,* 490 U.S. 1106, 109 S.Ct. 3156, 104 L.Ed.2d 1019 (1989) (interpreting section 107(a) as imposing strict liability). Liability is joint and several unless the defendant can demonstrate that the harm is divisible. *United States v. Alcan Aluminum Corp.,* 964 F.2d 252, 268–69 (3d Cir.1992); *Monsanto,* 858 F.2d at 171–72.

To alleviate the potentially unfair burden that joint and several liability may cause, in the Superfund Amendments and Reauthorization Act of 1986 ("SARA"), Pub.L. No. 99–499, 100 Stat. 1613 (1986) (codified in scattered section of 42 U.S.C.), Congress created a right of contribution. This provision, CERCLA section 113(f), provides in pertinent part as follows:

> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action ... under section 9607(a) of this title.... In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate. Nothing in this subsection shall diminish the right of any person to bring an action for contribution in the absence of a civil action under ... section 9607 of this title.

42 U.S.C. § 9613(f).

## B. Discussion

■ Considering the facts and the law stated above, it appears that Plaintiffs and Johnston are potentially "liable" as defined in CERCLA section 107(a). Plaintiffs are current owners and operators of the facility. Johnston is alleged to have owned and operated the facility at the time of disposal of hazardous substances. Johnston contends that a response cost recovery claim pursuant to section 107(a) is not available to Plaintiffs because they are "liable parties." Johnston's Mem. at 1. After examination of the case law, review of the text of CERCLA, and consideration of other important factors, the Court concludes that Plaintiffs may pursue their section 107(a) claims.

### 1. Case Law

Courts have reached different conclusions concerning when, if ever, a PRP has a right of action pursuant to section 107(a). The Tenth Circuit Court of Appeals and several district courts have held that only "innocent" parties may pursue section 107(a) claims. *See United States v. Colorado & Eastern R.R.,* 50 F.3d 1530, 1536 (10th Cir.1995) (holding that in case where parties entered into judicially approved consent decrees with the EPA and one PRP sought cost recovery and contribution against another, any claim that would reapportion costs between them was a "quintessential claim for contribution"); *Ekotek Site PRP Comm. v. Self,* 881 F.Supp. 1516 (D.Utah 1995) (following *Colorado & Eastern* ); *Kaufman & Broad–South Bay v. Unisys Corp.,* 868 F.Supp. 1212 (N.D.Cal.1994).

For some courts that refused to permit section 107(a) claims, a crucial factor was whether the plaintiff had already entered into a consent decree or other agreement imposing liability or obligating it to pay money. Whether or not the plaintiff was technically "liable" as defined in section 107(a) was not the deciding factor in these decisions. For example, in *United Technologies Corp. v.*

*Browning–Ferris Industries, Inc.,* 33 F.3d 96 (1st Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1176, 130 L.Ed.2d 1128 (1995), the court held that contribution is a term that refers to a claim " 'by jointly and severally liable parties for an appropriate division of the payment one of them has been *compelled* to make.' " *Id.* at 99 (emphasis added) (quoting *Akzo Coatings, Inc. v. Aigner Corp.,* 30 F.3d 761, 764 (7th Cir.1994)). The First Circuit Court of Appeals explained in a footnote that it is possible that "a PRP who spontaneously initiates a cleanup without governmental prodding might be able to pursue an implied right of action for contribution under 42 U.S.C. § 9607(c)." *Id.* at 99 n. 8 (citing *Key Tronic,* —— U.S. at ——, 114 S.Ct. at 1966). This footnote suggests that if a plaintiff remediates a site with no governmental prodding, it is not prohibited from raising a section 107 claim. *But see Kaufman & Broad–South Bay v. Unisys Corp.,* 868 F.Supp. 1212 (N.D.Cal.1994) (interpreting *United Technologies* to hold that only innocent parties may bring cost recovery actions).

Similarly, in *Reichhold Chemicals, Inc. v. Textron, Inc.,* 888 F.Supp. 1116 (N.D.Fla. 1995), the district court held that "the exclusive remedy for a liable PRP seeking contribution from other PRPs is a Section 113(f) contribution claim." The use of the term "liable PRP" instead of just "PRP" suggests that the fact that the plaintiff had already entered into a consent decree with a state agency influenced the court's decision. *See also Transtech Indus., Inc. v. A & Z Septic Clean,* 798 F.Supp. 1079 (D.N.J.1992), *appeal dismissed,* 5 F.3d 51 (3d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2692, 129 L.Ed.2d 823 (1994) (holding that when a party who agreed to cleanup pursuant to a settlement agreement sues a liable party, it is a claim for contribution and it must be distinguished from cases in which a plaintiff incurred expenses on its own initiative).

The Court follows those courts that have permitted suits despite arguments that the plaintiff is a liable party as defined in section 107. *See, e.g., Companies for Fair Allocation v. Axil Corp.,* 853 F.Supp. 575, 579 (D.Conn.1994) (permitting PRP who entered into consent decree to raise section 107(a) claim despite argument that the claim was subsumed by the section 113(f) claim); *United States v. SCA Servs. of Indiana, Inc.,* 849 F.Supp. 1264 (N.D.Ind.) (permitting PRP who entered into consent decree to raise section 107(a) claim despite argument that the claim was one for contribution), *reconsideration denied,* 865 F.Supp. 533 (N.D.Ind. 1994); *Transportation Leasing Co. v. State of Cal. (CalTrans),* 861 F.Supp. 931, 937–38 (C.D.Cal.1993) (holding that PRPs may bring actions under section 107(a)); *United States v. Kramer,* 757 F.Supp. 397, 416 (D.N.J.1991) (stating in dicta that any PRP, whether or not it was a government PRP, that incurred response costs at a site could bring a section 107(a) recovery action); *Chemical Waste Management, Inc. v. Armstrong World Indus., Inc.,* 669 F.Supp. 1285, 1292 (E.D.Pa. 1987).

Several courts, including the Supreme Court, have permitted PRPs to raise section 107(a) claims. However, because this issue was merely a background issue, these courts did not explicitly address the issue of whether only "innocent" parties have a private right of action under section 107(a). For example, in *Key Tronic Corp. v. United States,* —— U.S. ——, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994), the plaintiff was a liable party because it disposed of hazardous wastes in a landfill. Pursuant to section 113(f), it sought to recover money paid to EPA pursuant to a settlement agreement. It also sought to recover additional response costs, including attorneys fees, under section 107(a). The Court did not hold that the entire section 107(a) claim failed because the plaintiff was not "innocent." It merely held that section 107 did not provide for the award of attorneys fees associated with bringing a cost recovery action. *Id.* at ——, 114 S.Ct. at 1967. *See also Fisher Devel. Co. v. Boise Cascade Corp.,* 37 F.3d 104 (3d Cir.1994) (plaintiff owned the site, but still permitted to sue); *General Elec. Co. v. Litton Indus. Automation Sys., Inc.,* 920 F.2d 1415, 1418 (8th Cir.1990), *cert. denied,* 499 U.S. 937, 111 S.Ct. 1390, 113 L.Ed.2d 446 (1991) (plaintiff, a former owner of the site, entered into consent decree with state agency and others to cleanup a site prior to

plaintiff's section 107(a) claim against another PRP). The Court concludes that the cases permitting potentially responsible plaintiffs to bring section 107(a) claims are persuasive, especially in light of the considerations described below.

### 2. Text of Section 107

An examination of the text of sections 107 and 113 gives no indication that PRPs are prohibited from bringing claims pursuant to section 107. First, section 107 imposes liability on PRPs for necessary response costs incurred by "any other person." 42 U.S.C. § 9607(a). While the private right of action is implied, *Key Tronic,* —— U.S. at ——, 114 S.Ct. at 1966, the text provides no indication this implied right is limited to "innocent" private parties. This broadly worded provision in conjunction with the absence of the plaintiff's PRP status as a defense provided in section 107(b) suggests that Congress intended section 107(a) liability to sweep broadly. *See Companies for Fair Allocation v. Axil Corp.,* 853 F.Supp. 575, 579 (D.Conn. 1994). Similarly, while the text of section 113(f) provides a right of action for private plaintiffs who voluntarily cleanup, it does not provide that section 113(f) is the exclusive remedy for potentially liable parties.

A comparison of the statutes of limitations for cost recovery and contribution actions reinforces this impression. The statute of limitations for a contribution claim begins to run on the date of judgment, administrative order, or entry of a judicially approved settlement concerning costs or damages. 42 U.S.C. § 9613(g)(3). By contrast, the statute of limitations on a claim to recover removal costs begins to run after completion of the removal, and a claim to recover remedial costs begins to run after initiation of physical on-site construction. 42 U.S.C. § 9613(g)(2). If parties that voluntarily cleanup are permitted to raise claims only pursuant to section 113(f), it seems strange that no statute of limitations applies to these parties. Thus, the Court believes that the text of sections 107 and 113 suggest that section 107 creates a right of action for potentially responsible parties.

### 3. Other Considerations

Some courts appear to permit any PRP to raise a section 107(a) claim, regardless of whether it has already entered into some agreement with the government to cleanup the site. *Companies for Fair Allocation,* 853 F.Supp. 575. Some situations however, counsel against permitting a potentially liable party to raise a section 107(a) claim. For example, a section 107(a) claim could threaten contribution protection granted pursuant to section 113(f)(2), 42 U.S.C. § 9613(f)(2). *See SCA Services,* 849 F.Supp. at 1275 (concluding that many courts denied section 107(a) claims to protect settling parties from contribution claims). In addition, a section 107(a) claim could be a ploy to avoid the statute of limitations for contribution actions. Neither of these factors are present in this action.

Finally, permitting Plaintiffs to raise their section 107(a) claims comports with CERCLA's goal of encouraging parties to initiate cleanup operations promptly and voluntarily. Any unfairness that might result in imposing joint and several liability on Johnston will be remedied through the resolution of Johnston's counterclaim for contribution. Plaintiffs are permitted to pursue their section 107(a) claims.

### III. HSCA Authorizes a Private Right of Action

Johnston seeks judgment as a matter of law on the HSCA claim. Johnston argues that the HSCA does not provide a private right to recover response costs. In support of this proposition, Johnston cites *Lutz v. Chromatex, Inc.,* 725 F.Supp. 258 (M.D.Pa. 1989), and *Lutz v. Chromatex, Inc.,* 730 F.Supp. 1328 (M.D.Pa.1990).

■ The Court is persuaded, however, by decisions that have found that a private right of action exits. *See General Elec. Envtl. Servs., Inc. v. Envirotech Corp.,* 763 F.Supp. 113 (M.D.Pa.1991) (finding private right of action existed after comparing HSCA to CERCLA, considering the Pennsylvania Department of Environmental Resources's interpretation of the statute, and the language of the HSCA); *Toole v. Gould, Inc.,* 764

226

F.Supp. 985 (M.D.Pa.1991) (finding private right of action after similar analysis, and also after considering the legislative intent and the scheme of the statute). *See also Reading Co. v. City of Phila.*, 823 F.Supp. 1218 (E.D.Pa.1993); *Tri–County Business Campus Joint Venture v. Clow Corp.*, 792 F.Supp. 984 (E.D.Pa.1992).

### IV. *Conclusion*

The Court holds that Plaintiffs are entitled to raise claims pursuant to section 107(a) and that the HSCA provides a private right of action to recover response costs. Johnston's motion is **DENIED.**