**BARMET ALUMINUM CORPORATION, Plaintiff,**

v.

**DOUG BRANTLEY & SONS, INC., Doug Brantley Excavating Co., Douglas L. Brantley, Ronald Brantley and Virginia Brantley, Defendants.**

**Civ. A. No. 4:95–CV–93–M.**

United States District Court, W.D. Kentucky, Owensboro Division.

Nov. 22, 1995.

Order Denying Reconsideration Dec. 27, 1995.

160

Kim Burke, Charles H. Pangburn, III, Robert A. Bilott, Taft, Stettinius & Hollister, Cincinnati, OH, for plaintiff.

J. Anthony Goebel, Clinton J. Elliott, Wyatt, Tarrant & Combs, Louisville, KY, James D. Ishmael, Wyatt, Tarrant & Combs, Lexington, KY, George L. Seay, Jr., Joseph J. Zaluski, Lesly A.R. Davis, Wyatt, Tarrant & Combs, Frankfort, KY, for Doug Brantley & Sons, Inc., Doug Brantley Excavating Co., Douglas L. Brantley, Ronald Brantley, Virginia Brantley.

## MEMORANDUM OPINION

McKINLEY, District Judge.

This matter is before the Court on a motion by Defendants, Doug Brantley & Sons,

Inc., Doug Brantley Excavating Company, Douglas L. Brantley, Ronald Brantley, and Virginia Brantley, to dismiss Counts I and III of Plaintiff's complaint pursuant to Fed. R.Civ.P. 12(b)(6) [DN 6] and on a motion by Defendants, Douglas Brantley, Ronald Brantley, Virginia Brantley, and Doug Brantley Excavating Company [hereinafter "non-incorporated defendants"], for dismissal of Plaintiff's complaint in its entirety [DN 6]. Fully briefed, this matter is now ripe for decision. For the reasons set forth below, Defendants' motions are denied.

### I. Standard of Review

■ In deciding a Fed.R.Civ.P. 12(b)(6) motion to dismiss, the complaint must be liberally construed and viewed in the light most favorable to Plaintiff. *See* Federal Procedure: Lawyers Edition § 62:467 (1984 & Supp.1994); *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Davis H. Elliot Co., Inc. v. Caribbean Utilities Co., Ltd.,* 513 F.2d 1176 (6th Cir.1975). The complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). *See also Hartford Fire Insurance Co. v. California,* 509 U.S. 764, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993).

### II. FACTS

This is a civil action for cost recovery, contribution, declaratory and monetary relief brought pursuant to Section 107 and 113 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended by the Superfund Amendments and Reauthorization Act of 1986 (collectively hereinafter "CERCLA"), 42 U.S.C. § 9607 and § 9613; the Declaratory Judgment Act, 28 U.S.C. § 2201 and § 2202; and Kentucky statutory and common law.

On May 17, 1995, Plaintiff, Barmet Aluminum, filed its complaint against Defendants seeking recovery from Defendants for the response costs and damages Plaintiff incurred arising out of the release and/or threatened release of hazardous substances at an abandoned industrial landfill site known as the Brantley Landfill Site (hereinafter "Site"), and a declaration of Defendants' liability for future response costs and damages that Plaintiff will incur at, and in connection with, the Site.

Beginning in 1988, the Site was proposed for addition to the Superfund National Priorities List as a facility requiring cleanup under CERCLA, and in 1989 the Environmental Protection Agency ("EPA") notified Plaintiff that the EPA considered it a potentially responsible party for costs incurred in response to the release or threatened release of hazardous substances at the Site. Plaintiff entered into an administrative order by consent in which it agreed to perform certain response activities between 1992 and 1994, including the performance of a remedial investigation and a feasibility study. After issuance of the final remedial investigation and feasibility study reports, the EPA issued notice of the proposed plan for remedial action. After expiration of the applicable notice period, the EPA issued a final decision on the remedial action. On March 31, 1995, the EPA issued to Plaintiff an Unilateral Administrative Order, pursuant to § 106 of CERCLA, ordering Plaintiff to perform the work.

### III. PRIVATE COST–RECOVERY UNDER SECTION 107

Defendants claim that Plaintiff is barred from asserting (1) a claim against them for private-party cost-recovery under § 107 of CERCLA, Count I of the Complaint, and (2) from asserting a declaratory judgment confirming Defendants' liability under § 107, Count III of the Complaint.

■ Section 107(a) imposes liability on four classes of potentially responsible parties ("PRPs"): (1) the owner and operator of the facility; (2) any person who owned or operated the facility at the time of disposal of any hazardous substance; (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment of hazardous substances owned or possessed by that person; and (4) any person who accepted any hazardous substances for the transport to disposal or treatment sites selected by that person.

42 U.S.C. § 9607(a)(1)–(4). Section 107(a) provides an implied cause of action for private parties to seek recovery of cleanup costs. *Key Tronic Corp. v. United States,* — U.S. ——, ——, 114 S.Ct. 1960, 1966, 128 L.Ed.2d 797 (1994). Under § 107(a), PRPs are strictly liable if there was a release or threat of a release of a hazardous substance at a facility and a person incurred necessary response costs consistent with the national contingency plan ("NCP"). 42 U.S.C. § 9607(a). *See also* 42 U.S.C. § 9601(32); *Bethlehem Iron Works, Inc. v. Lewis Industries, Inc.,* 891 F.Supp. 221 (E.D.Pa.1995); *United States v. Monsanto Co.,* 858 F.2d 160, 167 (4th Cir.1988), *cert. denied,* 490 U.S. 1106, 109 S.Ct. 3156, 104 L.Ed.2d 1019 (1989) (interpreting § 107(a) as imposing strict liability). Some courts have held that § 107(a) liability is joint and several.

To alleviate the potentially unfair burden that joint and several liability may cause, Congress created a right of contribution in the Superfund Amendments and Reauthorization Act of 1986 ("SARA"), Pub.L. No. 99–499, 100 Stat. 1613 (1986). Section § 113(f), provides in relevant part as follows:

> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action ... under section 9607(a) of this title.... In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate. Nothing in this subsection shall diminish the right of any person to bring an action for contribution in the absence of a civil action under ... section 9607 of this title.

*See Bethlehem Iron Works, Inc.,* 891 F.Supp. at 223.

Defendants argue that only an innocent party may bring a cost recovery action under § 107(a). Defendants maintain that Plaintiff is a PRP, and as such, must proceed under § 113(f), not § 107(a). Plaintiff contends that § 113 is not the exclusive remedy and that PRPs' are not precluded from utilizing § 107 to recover their response costs. The issue before the Court is whether a liable, or potentially liable party, is limited to a contri-

bution action under 42 U.S.C. § 9613 (§ 113 of CERCLA) or may the party also bring an action to recover response costs under 42 U.S.C. § 9607 (§ 107 of CERCLA). At the present time, the Sixth Circuit has not addressed this issue.

Defendants cite several cases that specifically hold that a PRP may not assert a § 107(a) cost recovery action against another PRP, but may seek only a contribution action under § 113(f). *See United Technologies Corp. v. Browning–Ferris Industries, Inc.,* 33 F.3d 96 (1st Cir.1994); *United States v. ASARCO, Inc.,* 814 F.Supp. 951 (D.Colo. 1993), *cert. denied* — U.S. ——, 115 S.Ct. 1176, 130 L.Ed.2d 1128 (1995); *City and County of Denver v. Adolph Coors Co.,* 829 F.Supp. 340, 346 (D.Colo.1993); *Transtech Industries, Inc. v. A & Z Septic Clean,* 798 F.Supp. 1079 (D.N.J.1992), *cert. denied,* — U.S. ——, 114 S.Ct. 2692, 129 L.Ed.2d 823 (1994); *Dravo Corp. v. Zuber,* 804 F.Supp. 1182, 1187 (D.Neb.1992); *Avnet, Inc. v. Allied–Signal, Inc.,* 825 F.Supp. 1132 (D.R.I. 1992), *aff'd,* 13 F.3d 1222 (1994). *See also United States v. Colorado & Eastern R. Co.,* 50 F.3d 1530 (10th Cir.1995); *Akzo Coatings, Inc. v. Aigner Corp.,* 30 F.3d 761 (7th Cir. 1994); *Amoco Oil Co. v. Borden, Inc.,* 889 F.2d 664 (5th Cir.1989).

The First Circuit in *United Technologies* found the distinction between the two legal actions was important because the statute of limitations for the cost recovery action under § 107(a) [42 U.S.C. § 9607(a)] is six years, while the statute of limitations for the contribution action under § 113(f) [42 U.S.C. § 9613(f)] is three. *See* 42 U.S.C. 9613(g)(2) & (g)(3). Similarly, Defendants argue that the distinction in this case is equally important because liability under § 107(a) is joint and several and applied regardless of the degree of fault, while liability pursuant to § 113(f) is not.

Defendants request the Court to adopt the reasoning of the First Circuit in *United Technologies,* 33 F.3d 96, which found that CERCLA differentiates between "action[s] for recovery of ... costs" and "action[s] for contribution." In reaching the conclusion, the Court began by defining the term "contribution" found in § 113(f). The

court defined "contribution" as an action by and between severally liable parties for an appropriate division of payment that one of the members has been compelled to make. In interpreting the word "contribution" in terms of Section 113(f), the First Circuit concluded that it referred to an action by a responsible party to recover from another responsible party that portion of its costs in excess of its pro rata share. *Id.* at 103. The Court found that the two types of actions are "distinct and do not overlap," distinguishing the two as follows:

> [T]he two statutes of limitations complement each other and together exhaust the types of actions that might be brought to recoup response costs: the shorter prescriptive period, contained in 42 U.S.C. § 9613(g)(3) [action for contribution], governs actions brought by liable parties during or following a civil action under 42 U.S.C. §§ 9606–9607(a), while the longer statute of limitations, contained in 42 U.S.C. § 9613(g)(2) [action for recovery of costs referred to in § 9607], addresses actions brought by innocent parties that have undertaken cleanups (say, the federal, state or local government).

*Id.* at 99. *See also Reichhold Chemicals, Inc. v. Textron, Inc.,* 888 F.Supp. 1116 (N.D.Fla.1995). The Court reasoned that the phrase "actions for recovery of costs" suggests full recovery of cost by innocent parties. The First Circuit ultimately concluded that the exclusive remedy for a PRP seeking contribution from other PRPs is solely a § 113(f) contribution claim.

The Court declines to adopt the reasoning of the First Circuit. Section 107(a)(4) provides in pertinent part that any person who accepts hazardous substances from which there is a release shall be liable for—

> (B) any other necessary costs of response incurred by ***any other person*** consistent with the national contingency plan.... (emphasis added).

"[T]he § 107 liability provision, with its use of the term 'any other person' and its limited defenses to liability, implies that Congress intended the liability provision to sweep broadly." *Companies for Fair Allocation v. Axil Corp.,* 853 F.Supp. 575, 579 (D.Conn.

1994) (citing *United States v. New Castle County,* 642 F.Supp. 1258, 1264 (D.Del. 1986)). While CERCLA is silent as to whether "any other person" includes other PRPs, a number of district courts have addressed this issue, rejecting the argument that PRPs are restricted to § 113 claims. *See Companies For Fair Allocation v. Axil Corp.,* 853 F.Supp. at 578; *United States v. SCA Services of Indiana, Inc.,* 849 F.Supp. 1264, 1281–1282 (N.D.Ind.1994), *reconsideration denied,* 865 F.Supp. 533 (N.D.Ind.1994); *Transportation Leasing Co. v. California,* 861 F.Supp. 931, 938 (C.D.Cal.1993); *Chesapeake and Potomac Tel. Co. v. Peck Iron & Metal Co.,* 814 F.Supp. 1269, 1277 (E.D.Va. 1992); *Kelley v. Thomas Solvent Co.,* 790 F.Supp. 710, 717 (W.D.Mich.1990); *United States v. Kramer,* 757 F.Supp. 397, 416–417 (D.N.J.1991); *Burlington Northern R. Co. v. Time Oil Co.,* 738 F.Supp. 1339 (W.D.Wash. 1990); *Sand Springs Home v. Interplastic Corp.,* 670 F.Supp. 913, 916 (N.D.Okla.1987); *Chemical Waste Management, Inc. v. Armstrong World Indus., Inc.,* 669 F.Supp. 1285, 1291–92 (E.D.Pa.1987). *See also Bethlehem Iron Works, Inc. v. Lewis Industries, Inc.,* 891 F.Supp. 221 (E.D.Pa.1995) for an excellent discussion of the case law concerning § 107 and § 113 claims under CERCLA.

Within the Sixth Circuit, the Western District of Michigan is the only court to address this issue. In *Kelley v. Thomas Solvent Co.,* 790 F.Supp. 710, the district court held that on the basis of the plain language of the statute and its underlying policy of encouraging prompt and complete response actions, § 107 is available to responsible or potentially responsible parties. *Id.* at 717. The plaintiff in *Kelley* was a private entity which shared responsibility for polluting the site in question. The district court found that plaintiffs classified as PRPs clearly may seek contribution from defendants pursuant to § 113. However, the district court declined to find that they *must.*

In *Companies for Fair Allocation,* 853 F.Supp. 575, the Court held that there exists no "authority for defendants' contention that the § 107 claim must be dismissed because it is merely subsumed by the § 113 claim. Rather, the case law indicates that as the two

actions serve distinct purposes, they may be brought as separate claims in a single action." *Id.* at 580. The court found that the two claims were not mutually exclusive even thought they may overlap. " '[S]ection 107 permits a PRP ... to collect all its response costs, even those that the same PRP may be required to pay back to other PRPs as its equitable share in a section 113 proceeding.' " *Id.* at 580 (citing *United States v. Kramer,* 757 F.Supp. 397 (D.N.J.1991)). The court in *Chesapeake and Potomac Tel. Co. v. Peck Iron & Metal,* 814 F.Supp. 1269 (E.D.Va. 1992) held that "the Court has little difficulty determining that [a PRP] is entitled to bring its claim under Section 107(a), and that this action need not be recast as one solely for contribution, pursuant to section 113(f).... The court will, of course, retain jurisdiction over this matter throughout its contribution phase, and will apportion liability in an equitable fashion at that time." *Id.* at 1277 (cited by *Companies for Fair Allocation,* 853 F.Supp. at 581) (The court in *Chesapeake and Potomac Tel. Co.* imposed joint and several liability on the defendants for response costs apportioned to them exclusive of the costs attributable to the plaintiff). Similarly, *Transportation Leasing Co.,* 861 F.Supp. 931, the court held that § 113 does not abrogate § 107, but "instead [§ 113] codifies the efforts of federal courts to imply a contribution remedy to assist those held jointly and severally liable." *Id.* at 938. The District Court in the Western District of Michigan again addressed this issue in *Oshtemo v. American Cyanamid Co.,* 1993 WL 561814, 1993 U.S.Dist. LEXIS 13176 (W.D.Mich. August 16, 1993) (cited by both parties) finding that the plain wording of the statues suggests that plaintiffs, whether responsible or potentially responsible parties, can bring either type of action.

The United States Supreme Court in *Key Tronic Corporation v. United States,* —— U.S. ——, ——, 114 S.Ct. 1960, 1966, 128 L.Ed.2d 797 (1994), stated that "the statute [CERCLA] now expressly authorizes a cause of action for contribution in § 113 and impliedly authorizes a similar and somewhat overlapping remedy in § 107."

Furthermore, "[f]inding that potentially responsible and responsible parties have standing to seek reimbursement for their response costs under section 9607(a) supports the underlying policy of encouraging prompt and complete response actions to this extremely dangerous contamination." *Kelley v. Thomas Solvent Co.,* 790 F.Supp. at 717. To conclude otherwise would discourage voluntary clean-up by PRPs. *Allied Corporation v. Acme Solvents Reclaiming, Inc.,* 691 F.Supp. 1100, 1118–1119 (N.D.Ill.1988).

■ The Court finds that a liable, or potentially liable party, such as Plaintiff is alleged to be, is not limited to a contribution action under 42 U.S.C. § 9613, but may also bring an action to recover its response costs under 42 U.S.C. § 9607. For the reasons set forth above, Defendants motion to dismiss Count I and Count III of Plaintiff's complaint is denied.

## IV. DISMISSAL OF CLAIMS AGAINST NON–INCORPORATED DEFENDANTS

Defendants, Ronald Brantley, Virginia Brantley and Douglas L. Brantley, as well as Doug Brantley Excavating Co., (hereinafter "Non-incorporated Defendants"), assert that the allegations, to the extent they are intended to relate to the individual non-incorporated defendants, are defective and fail to state a claim against the named defendants.

According to the Non-incorporated Defendants, general allegations of supervisory authority or of a corporate office held do not suffice to state personal liability. *Cash Energy, Inc. v. Weiner,* 768 F.Supp. 892 (D.Mass.1991). As a result, Defendants conclude that Plaintiff's allegations are based merely on the theory of respondent superior.

Relying on *Cash Energy,* the Non-incorporated Defendants assert that Plaintiff's complaint fails to state a claim. *Cash Energy* involved an alleged environmental contamination of a property owned and developed by plaintiffs. Over a period of years, defendant corporation engaged in storage and/or transfers of chemical solvents on a site adjacent to the property. Some defendants who were sued individually moved to dismiss all claims.

*Id.* at 893. The district court in *Cash Energy* addressed what level of specificity allegations of involvement and causation is required to survive a motion to dismiss. The court declined to rule on the disputed issue regarding the nature of control. Instead, the court dismissed the complaint finding that it was flawed. In its complaint, plaintiff asserted that "at all relevant times," the four officers "actually participated in and exercised control over the affairs of one or more of the ... [corporate] Defendants." *Id.* at 896. Specifically, the court found that the plaintiff failed to give fair notice of a legal theory under which the action would proceed including failing to state that the individual defendants were charged under the "owner and operator" category of CERCLA. *Id.* The court found that plaintiffs complaint rested heavily on bald assertions. *Id.* Finally, the court held that specificity of pleadings are required in CERCLA cases. *Id.* at 897.

According to the Seventh Circuit in *Sidney S. Arst Co. v. Pipefitters Welfare Education Fund,* 25 F.3d 417 (7th Cir.1994), to survive a motion to dismiss, the pleadings must "allege that persons associated with the corporation *directly* and *personally* engaged in conduct that led to the specific environmental damage at issue in the case. Without such direct, personal involvement, the corporation and not the associated individuals must be regarded as owning or operating the hazardous waste site in question." *Id.* at 421–22. "[A] complaint does not automatically state a claim for CERCLA 'operator' liability merely by being directed against persons holding management or like positions." *Id.* at 421.

■ Under Fed.R.Civ.P. 8(a), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" giving the defendant fair notice of what plaintiff's claim is and the grounds upon which it rest. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Id.*

Defendant appears to advocate a heightened pleading obligation in CERCLA cases. The Court rejects this position. The United States Supreme Court in *Leatherman v. Tarrant Co. Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), rejected a heightened pleading standard applied by the Fifth Circuit in a civil rights case alleging municipal liability under 42 U.S.C. § 1983. The United States Supreme Court held as follows:

> We think that it is impossible to square the "heightened pleading standard" applied by the Fifth Circuit in this case with the liberal system of "notice pleading" set up by the Federal Rules. Rule 8(a)(2) requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief." ... Rule 9(b) does impose a particularity requirement in two specific instances. It provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Thus, the Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under § 1983.

*Leatherman,* 507 U.S. at 168, 113 S.Ct. at 1163.

Furthermore, Plaintiff's claims against the Non-incorporated Defendants include express allegations that all Defendants personally engaged in the specific waste disposal and/or transportation activities at issue. Specifically, Plaintiff's complaint contains the following:

> At all times relevant hereto and at the time of disposal and/or release or threatened release at the Site of one or more "hazardous substances," each Defendant ... disposed, arranged for disposal or treatment, transported, accepted for transport, or arranged for the transport for disposal or treatment at the Site of hazardous substances.

(Plaintiff's Complaint at ¶ 26).

■ Pursuant to Fed.R.Civ.P. 12(b), the complaint may not be dismissed "unless it appears beyond doubt that the Plaintiff can

prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. at 102. The Court finds that a sufficient basis to dismiss Plaintiff's complaint does not exist. Therefore, the Non-incorporated Defendants' motion to dismiss the complaint is denied.

For the foregoing reasons, Defendants' motions to dismiss the complaint are denied. The Court will enter an appropriate order consistent with this Memorandum Opinion.

### ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OF DEFENDANTS' MOTION TO DISMISS COUNTS I AND III OF COMPLAINT

The Court, having considered the Motion for Reconsideration of Defendants' Motion to Dismiss Counts I and III of Complaint filed December 4, 1995, by Defendants, Doug Brantley & Sons, Inc., Doug Brantley Excavating Company, Douglas L. Brantley, Ronald Brantley and Virginia Brantley ("Defendants"), the moving papers in response thereto, and the entire record in this case, for good cause shown, here ORDERS that Defendants' Motion for Reconsideration is **denied** in its entirety.

**FURTHERMORE,** the Defendant's request to allow an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is **denied.**

This the 21st day of December, 1995.