**Carl LUTZ and Deborah Lutz, et al., Plaintiffs,**

v.

**CHROMATEX, INC., et al., Defendants.**

**Civ. No. 88–1764.**

United States District Court,
M.D. Pennsylvania.

Jan. 26, 1990.

James R. Ronca, Schmidt & Ronca, P.C., and Gerald J. Williams, Williams & Cuker, Philadelphia, Pa., for plaintiffs.

---

John Gerard Whelley, Jr., Wilkes–Barre, Pa., Robert Ufberg, Scranton, Pa., Daniel Segal, David Richman, Pepper, Hamilton & Scheetz, Philadelphia, Pa., Thomas B. Schmidt, III, Pepper, Hamilton & Scheetz, Harrisburg, Pa., C. George Caudle, Caldwell, Heggie & Helton, Chattanooga, Tenn., John T. Claery, Nogi, Appleton, Weinberger & Wren, Scranton, Pa., Donald W. Stever, New York City, Anthony R. Sherr, Sherr, Joffe & Zuckerman, West Conshohocken, Pa., Robert F. DiUbaldo, Michael Finian Reilly, Sidley & Austin, New York City, Timothy E. Foley, Scranton, Pa., Percy L. Angelo, Mayer, Brown & Platt, and Kathleen M. Hennessey, Chicago, Ill., for defendants.

## MEMORANDUM

NEALON, District Judge.

Presently before the court are two motions to dismiss Count X of the plaintiffs' third amended complaint. The first motion was filed by defendants Alan Cherenson (Cherenson), Stanley Siegel (Siegel), Alan Shulman (Shulman) and the Valmont Group (Valmont). *See* document 100 of record. The second motion and supporting memorandum were filed by defendants Chromatex, Inc. (Chromatex) and Continental Whitecap, Inc. (Continental). *See* documents 101 and 102 of record. Defendant Allsteel, Inc. (Allsteel) has joined in the second motion to dismiss Count X. *See* document 111 of record. For the reasons that follow, the motions to dismiss will be granted.

### I. Background

The complete factual and procedural history of this case is detailed in this court's Memorandum and Order of June 9, 1989 and will not be reiterated here, except for the history which is relevant to the present motions. *See* documents 65 and 66 of record. In its June 9, 1989 Order, the court partially granted defendant's motion to dismiss plaintiffs' first amended complaint and directed plaintiff to file a second amended complaint. *See* document 66 of record. The complaint was timely submitted on June 29, 1989. *See* document 70 of record.

Before the defendant's time for responding to the second amended complaint had elapsed, plaintiffs submitted their motion for leave to file a third amended complaint. *See* documents 75 & 76 of record. In their motion, plaintiffs sought to add a tenth cause of action (Count X) based upon Pennsylvania's Hazardous Sites Cleanup Act, 35 P.S. §§ 6020.101–.1305 (Purdon's Supp. 1989). (The HSCA) Various defendants noted their opposition to such an amendment on July 25, 1989. *See* documents 84 and 87 of record. A reply brief was filed on behalf of the plaintiffs on August 8, 1989. *See* document 94 of record.

Defendants also filed motions to dismiss the second amended complaint. *See* documents 78–81 of record. Plaintiffs responded to these motions on July 25, 1989. *See* documents 85 and 86 of record. On August 7, 1989, defendants submitted their reply briefs. *See* documents 92–93 of record.

By Memorandum and Order dated October 5, 1989, the court denied the defendants' motion to dismiss the second amended complaint and granted the plaintiff's request for leave to file the third amended complaint, adding Count X. The claim under HSCA. *See* documents 95 and 96 of record; *See also Lutz v. Chromatex*, 725 F.Supp. 258, 267 (M.D.Pa.1989) (Nealon, J.). In allowing the plaintiffs to add the HSCA count to their complaint, the court pointed out that it expressed "[no] opinion concerning the potential merit of plaintiffs' claims nor d[id] it seek to foreclose a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." *Lutz*, 725 F.Supp. at 267.

On November 2, 1989, defendants Cherenson, Siegel, Shulman, and Valmont filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) seeking to dismiss Count X of the third amended complaint for failure to state a claim. *See* document 100 of record. On November 3, 1989, defendants Chromatex and Continental filed a motion to dismiss Count X and a supporting memo-

randum.[1] *See* documents 101 and 102 of record. Plaintiffs filed a response and brief in opposition to these motions on November 16, 1989. *See* documents 105 and 106 of record. A reply brief was filed by the defendants on November 28, 1989. *See* document 108 of record. On January 22, 1990, Allsteel joined in the motion filed by Chromatex and Continental. *See* document 111 of record.[2]

All the documents necessary for consideration of the instant motions are now before the court. Accordingly, the motions are now ripe for disposition.

## II. Discussion

In reviewing a motion to dismiss a complaint for failure to state a claim under Rule 12(b)(6), all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party. *Sturm v. Clark*, 835 F.2d 1009, 1011 (3d Cir.1987). The complaint may be dismissed only if it appears that plaintiffs cannot establish any set of facts in support of their claims which would entitle them to relief. *Truhe v. Rupell*, 641 F.Supp. 57, 58 (M.D.Pa.1985) (Rambo, J.)

Count X of plaintiff's third amended complaint purports to state a claim for relief under the HSCA, a statutory scheme recently enacted by the Pennsylvania General Assembly, taking effect on December 19, 1989. *See* document 76 of record. The following three sections of the HSCA are involved in plaintiffs' claim: § 702(a); § 507(a); and § 1101.

Section 702(a) of the HSCA provides as follows:

A person who is responsible for a release or threatened release of a hazardous substance from a site as specified in section 701 is strictly liable for the following response costs and damages which result

from the release or threatened release or to which the release or threatened release significantly contributes:

(1) Costs of interim response which are reasonable in light of the information available to the department at the time the interim response action was taken.

(2) Reasonable and necessary or appropriate costs of remedial response incurred by the United States, the Commonwealth or a political subdivision.

(3) Other reasonable and necessary or appropriate costs of response incurred by any other person.

(4) Damages for injury to, destruction of or loss of natural resources within this Commonwealth or belonging to, managed by, controlled by or appertaining to the United States, the Commonwealth or a political subdivision. This paragraph includes the reasonable costs of assessing injury, destruction or loss resulting from such a release.

(5) The cost of a health assessment or health effects study.

35 P.S. § 6020.702(a). (Purdon's Supp. 1989) (footnote omitted) Plaintiffs' request for response costs in Count X implicates §§ 702(a)(3) and (5). *See* document 76 of record at ¶ 121–127. Specifically, plaintiffs seek to recover for "health assessments and medical surveillance of plaintiffs", "health effect studies of plaintiffs and the population affected by the releases", and response activities alleged in connection with their federal cause of action pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9601 *et seq.* (CERCLA). *See id.* at ¶ 126; *see also id.* at ¶ 65–70.

Section 507(a) of the HSCA reads as follows:

A responsible person under section 701 or person who causes a release or threat of a release of a hazardous substance or causes a public nuisance under this act or

---

1. Defendants Cherenson, Siegel, Shulman and Valmont adopted the arguments set forth in the memorandum of Chromatex and Continental in support of their motion to dismiss. *See* document 100 of record.

2. In addition to joining in the instant motion to dismiss, Allsteel seeks to have Counts II and III of the amended complaint dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). Because this issue has not yet been briefed, the court will not consider it today.

causes a release or a substantial threat of release of a contaminant which presents a substantial danger to the public health or safety or the environment, or causes a release of a nonhazardous substance pursuant to section 501(g) shall be liable for the response costs and for damages to natural resources. The department, a Commonwealth agency, or a municipality which undertakes to abate a public nuisance under this act or take a response action may recover those response costs and natural resource damages in an action in equity brought before a court of competent jurisdiction. In addition, the [Environmental Hearing Board of the Commonwealth] is given jurisdiction over actions by the department to recover response costs and damages to natural resources.

35 P.S. § 6020.507(a). (Purdon's Supp. 1989) (footnotes omitted). In turn, section 1101 of the HSCA provides as follows:

[a] release of a hazardous substance or a violation of any provision, regulation, order or response approved by the department under this act shall constitute a public nuisance. Any person ·allowing such a violation shall be liable for the response costs caused by the release or the violation. The board and any court of competent jurisdiction is hereby given jurisdiction over actions to recover the response costs.

35 P.S. § 6020.1101. (Purdon's Supp.1989).

In the brief in support of their motion to dismiss, defendants maintain that Count X of the third amended complaint must be dismissed since the above provisions of the HSCA create no private cause of action for response costs. *See* document 102 of record at pp. 5–26. Alternatively, defendants contend that even if the provisions of the HSCA are construed to create a private cause of action, such an action cannot be maintained in this case since plaintiffs have failed to plead the prerequisites to such an action required by the HSCA. *See id.* at pp. 27–30.

Plaintiffs oppose the motion to dismiss, arguing that the provisions of the HSCA at issue in this case clearly create a private

cause of action. *See* document 106 of record at pp. 2–8. Moreover, plaintiffs' argument continues, there are no statutory prerequisites which would bar the bringing of an action for response costs under the HSCA in the present case. *See id.* at pp. 8–9.

The court will examine each of these arguments, in turn. As the court noted in its Memorandum of October 5, 1989, in light of the recent enactment of the HSCA, the issue of whether its provisions create a private cause of action is one of first impression. *Lutz*, 725 F.Supp. 264.

Initially, it is clear that § 507(a) of the HSCA does not, by itself, create a private cause of action. The only parties authorized to bring suit under § 507 are "[t]he department [Department of Environmental Resources (DER) ], a Commonwealth agency, or a municipality ..." 35 P.S. § 6020.507(a). Thus, plaintiffs cannot rely exclusively on § 507(a) to support Count X of their complaint.

Similarly, as the court concluded in its October 5, 1989 Memorandum, § 702(a) does not, by itself, create a cause of action for recovery of response costs by the person who sustained them. *Lutz*, 725 F.Supp. at 266. In reaching this conclusion, the court reasoned as follows:

... the Act [the HSCA] consistently refers to civil actions brought only under sections 507 or 1101. *See* 35 P.S. §§ 6020.702(b) ("amounts recoverable in an action under sections 507 and 1101 include interest on the amounts recoverable under [section 702(a) ]"), 6020.705(a)–(b) ("A person may seek contribution from a responsible person under section 701, during or following a civil action under section 507 or 1101"). 6020.-705(c)(1). When section 702 is discussed, it is merely treated as a listing of available response costs and damages. *See id.* §§ 6020.507(f)(1), 6020.707(c) ("Any person who reaches an agreement pursuant to this section shall be responsible only for that person's proportional share of response costs and damages assessed under section 701"), 6020.709, 6020.-904(b). Thus, the language of the Act

does not support the conclusion that section 702 itself provides a private remedy for the recovery of response costs.

*Id.* Plaintiffs may not, therefore, rely exclusively on § 702 to support Count X of their complaint.

Plaintiffs do not dispute the fact that §§ 507(a) and 702(a) do not, by themselves or in tandem, authorize a private cause of action under the HSCA. They do contend, however, that a private cause of action is created by § 1101 of HSCA and that the scope of liability which attaches to a "responsible person" under such a cause of action is set out in § 702(a). *See* document 106 of record. Defendants, on the other hand, argue that an analysis of Pennsylvania's Solid Waste Management Act, 35 P.S. § 6018.101 *et seq.* (Purdon's Supp.1989), (the SWMA), a statutory scheme which they allege to be parallel to the HSCA, compels the conclusion that no private right of action is created by § 1101 of the HSCA. *See* documents 102 and 108 of record.

 Initially, the court does find an analysis of the SWMA to be helpful in its examination of the HSCA. The "Enforcement and Remedies" sections of the two statutory schemes, while not identical, are very similar in language and structure. (*Compare* 35 P.S. § 6018.601–§ 6018.617 *with* 35 P.S. § 6020.1101–§ 6020.1115). In determining the legislative intent of a particular statute, the court may look to other similar statutory provisions. *Pennsylvania Department of Transportation v. Von Altimus,* 49 Pa.Commw. 245, 410 A.2d 1303, 1305 (1980); *See also* 1 Pa.C.S.A. § 1921(c)(5) (court may look to "former law, if any including other statutes upon the same or similar subjects.")

In *Fleck v. Timmons,* 374 Pa.Super. 417, 543 A.2d 148 (1988), a panel of the Superior Court of Pennsylvania held that the legislature "provided the DER, and not private citizens of the Commonwealth, with the authority to obtain relief for violations of the provisions of the SWMA." *Id.* at 424, 543 A.2d at 152. The court based this conclusion upon the fact that throughout Article VI of the SWMA (the "Enforcement

and Remedies" section) the legislature had consistently stated that the DER was responsible for pursuing the specific remedies and enforcement techniques set forth therein. *See id.* Additionally, the *Fleck* court found that the legislature did consider private citizens when enacting the SWMA and accordingly, provided them with a right of intervention in actions brought initially by the DER. *See id.* at 425, 543 A.2d at 152. (citing 35 P.S. § 6018.615).

As with the "Enforcement and Remedies" section of the SWMA, the legislature, in the corresponding provisions of the HSCA, repeatedly refers to the DER as the "person" responsible for pursuing the remedies and using the tools of enforcement provided for in that section. *See e.g.* 35 P.S. § 6020.1102(a) ("The department shall issue orders ... ); 35 P.S. § 6020.1103(a) ("... the department may institute a suit in equity in the name of the Commonwealth ..."); 35 P.S. § 6020.1104(a) ("... the department may assess a civil penalty ..."). Moreover, like § 615 of the SWMA, the legislature provided for the interests of private citizens in the HSCA by affording them a right to intervene in an action brought under the act. *See* 35 P.S. § 6020.1111. Thus, the court concludes that, if confronted with the issue, Pennsylvania courts would conclude, as they have with the SWMA, that the legislature did not intend to create a private cause of action by enacting § 1101 of the HSCA.

This conclusion is bolstered by the legislative history of the HSCA. As the defendants point out, an examination of the legislative history of the HSCA reveals that the legislature, in drafting the HSCA, deleted a section from an earlier version of the bill which expressly granted a "private cause of action" for response costs. *See* H.B. 1852, Printers No. 3428, § 509.

Additionally, and perhaps most persuasively, the language of § 102 of the HSCA, the Declaration of Policy, supports a conclusion that the legislature did not intend to create a private cause of action through its enactment of HSCA. *See* 35 P.S. § 6020.102. Specifically, in delineat-

ing the purposes of HSCA, § 102(12)(ii) states, in pertinent part, as follows:

(12) The following are the purposes of this act:

. . . . .

(ii) Establish independent authority for *the department* ... to take other appropriate response actions and recover from responsible persons its costs for conducting the responses.

35 P.S. § 6020.102(12)(ii) (Purdon's Supp. 1989). (emphasis added)

█ Based upon each of the above considerations, the court concludes that no private cause of action is created by § 1101 of the HSCA. While the resolution of this issue would be much simpler had the legislature expressly excluded private citizens from § 1101, the court finds the conclusion that no private cause of action was created by § 1101 to be in keeping with the statutory framework and stated policy of the HSCA. Moreover, without more explicit authorization from the Pennsylvania General Assembly, the court is not free to engraft an additional right of action upon statutory provisions which do not contemplate such a right. *See Philadelphia v. Stepan Chemical Co.*, 544 F.Supp. 1135, 1150 (D.C.Pa.1982) (holding that a city has no right of action for damages under Pennsylvania Clean Streams Law).

### III. Conclusion

For all of the above reasons, the motions of the defendants for dismissal of Count X of the plaintiffs third amended complaint will be granted.