**GOULD INC., Plaintiff,**

v.

**A & M BATTERY AND TIRE SERVICE, et al., Defendants.**

No. 3 CV–91–1714.

United States District Court, M.D. Pennsylvania.

Sept. 14, 1995.

Dennis R. Suplee, Diana S. Donaldson, Susan G. Caughlan, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, Barry S. Neuman, Schnader, Harrison, Segal & Lewis, Washington, DC, Jacob P. Hart, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, Mark A. Lockett, Philadelphia, PA, John M. Armstrong, James H. Rodman, Schnader Harrison Segal & Lewis, Philadelphia, PA, for Gould, Inc.

James A. Humphreys, III, Michael W. Davis, Barley Snyder Senft & Cohen, Lancaster, PA, for Micro Group.

Philip T. Medico, Jr., Forty Fort, PA, Donald B. Mitchell, Jr., Laurel A. Bedig, Arent, Fox, Kintner, Plotkin & Kahn, Washington, DC, for Marjol Site PRP Group.

*MEMORANDUM AND ORDER*

CONABOY, District Judge.

Presently before the Court is a Motion for Partial Summary Judgment filed on behalf of two of the defense groups in the above-captioned action. The motioning defense groups are the Marjol Site PRP Group and the Rosenn Jenkins Joint Defense Group.[1] In its motion, the moving defense groups ask this Court to disallow Plaintiff Gould from bringing a cost recovery action under § 107 of the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607 (hereinafter "§ 107"). The moving Defendants contend that, as a matter of law under the facts set forth in Gould's own Amended Complaint, Gould's only action is one for contribution

---

**1.** The Micro Defense Group has joined in the motion and corresponding memorandum of law filed by the PRP Group and the Rosenn Jenkins Joint Defense Group. The Micro Defense Group's Motion and Brief in Support are found in Docket Number 792 and Docket Number 793 respectively.

under 42 U.S.C. § 9613 (hereinafter "§ 113").

Plaintiff Gould, by way of its Third Amended Complaint, has brought an action against the Defendants under both Section 107 and Section 113 of CERCLA. Under its § 107 count, Gould asserts that liability should be joint and several against all of the various Defendants. Moving Defendants aver that Gould's only action is limited to a § 113 contribution action and therefore pursuant to § 113's provisions, liability among the Defendants will be several, not joint and several. Furthermore, Defendants contend that if the various Defendants can only be severally liable, then the so called "orphan share"[2] must be borne by Plaintiff Gould.

Finally, Defendants state that if this action is styled as a § 113 contribution action Plaintiff Gould's claim for past cost is time barred by the three-year statute of limitations under 42 U.S.C. § 9613(g)(3) (hereinafter § 113(g)(3)).

As noted above, Plaintiff Gould has asserted a cause of action under both Section 107 and Section 113 of CERCLA. The statute of limitations for a § 107 cost recovery action is contained in § 113(g)(2) of CERCLA (42 U.S.C. § 9613(g)(2)), while the statute of limitations for a § 113 contribution action is found in § 113(g)(3) of CERCLA (42 U.S.C. § 9613(g)(3)).

For the reasons which follow, this Court holds that Plaintiff Gould's action is in the nature of a § 113 contribution action. As such, Defendants can only be severally liable for their proportionate share of the harm caused at the Marjol site. Furthermore, since liability under a § 113 contribution action is several, Defendants are not responsible to Gould for the "orphan shares". The Court takes notice of Gould's argument that it would be inequitable to hold Gould solely accountable for the "orphan shares". However, this argument is misplaced based in part on Gould's own waste-in-list. This list clearly shows how much each Defendant contributed to the harm and the resultant liability accorded to each Defendant. Since liability under a section 113 contribution action is several, Defendants are only liable for their share of the harm caused. The waste-in-list provides an accurate method for this Court to determine each Defendant's share of responsibility. Contrary to Gould's argument, it would be inequitable for us to hold Defendants liable for any harm related to the "orphan shares" when this harm was clearly caused by entities other than Defendants.

Finally, we agree with the Defendants that § 113(g)(3) is the applicable statute of limitations governing a contribution action. However, Defendants argument that Gould is time barred is incorrect. As will be discussed, § 113(g)(3) requires one of four triggering events to occur in order to start the running of the three-year limitation period. Gould's consent order with the Environmental Protection Agency (EPA) is in no way equivalent to one of the four triggering events of § 113(g)(3) and therefore, Gould's action is not time barred.

### STATEMENT OF FACTS

In December 1991, Plaintiff Gould initiated this action by filing a complaint against various Defendants seeking recovery pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq., for costs incurred and to be incurred to cleanup contamination at the "Marjol Site" located in the Borough of Throop, Lackawanna County, Pennsylvania.

Marjol Battery & Equipment Company operated a battery-breaking operation in Throop, Pennsylvania from 1963 until May 1980 when Gould acquired the stock of the company. Gould operated the battery-breaking operations until April 1981 when it shut down its battery-breaking operations.

In September, 1982, the Pennsylvania Department of Environmental Resources ("DER") advised Gould that no remediation would be necessary and no enforcement actions would be taken at the site unless battery-breaking operations resumed. However-

---

**2.** The term "orphan shares" as used throughout our opinion, refers to the percentage of the harm at the former Marjol Site that was caused by parties other than Plaintiff Gould or any of the numerous Defendants

er, the EPA began investigating the Marjol Site in 1987 and after performing preliminary tests, concluded that there may be "an imminent and substantial endangerment to the public health, welfare or the environment."

In April, 1988, the EPA and Gould entered into a Consent Agreement and Order pursuant to § 106(a) of CERCLA, 42 U.S.C. § 9606(a), to conduct site stabilization activities concerning lead and other hazardous substances at the Marjol Site and other residential properties.

In May, 1990, Gould entered into a second consent order, this one with both the EPA and DER. This order was based on the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6928(h). Pursuant to this second consent order, Gould agreed to perform a RCRA Facility Investigation and Corrective Measure Study ("CMS") at the Marjol Site. EPA is currently evaluating Gould's CMS, and will ultimately select a final remedy for the Marjol Site.

Gould initiated the above-captioned matter as a cost recovery action pursuant to § 107(a)(4)(B) of CERCLA and, in the alternative, a contribution action pursuant to § 113(f) of CERCLA. On June 8, 1995, this Court entered Case Management Order No. 5 ("CMO No. 5"). The parties were directed to address the question of whether Gould can bring a § 107 cost recovery action or whether Gould is limited to a § 113 contribution action. The determination of which section(s) Gould can proceed under also affect the issue of who is responsible for the "orphan shares" and the corresponding statute of limitations for section 107 and section 113. The parties have adhered to "CMO No. 5" and the issue concerning whether the action is a § 107 cost recovery action or a § 113 contribution action is now ripe for adjudication.

## DISCUSSION

### Nature of Action

Defendants' motion for partial summary judgment is brought pursuant to Federal Rule of Civil Procedure 56(c). A party is entitled to summary judgment where:

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The issue addressed in Defendants' motion is purely one of law. Gould has asserted a cost recovery action under § 107 of CERCLA or in the alternative a contribution action under § 113 of CERCLA. The issue before this Court is whether Gould can maintain both actions or are they limited to bringing a § 113 contribution action.

### CERCLA

Section 107(a) of CERCLA imposes liability on four classes of potentially responsible parties ("PRPs"): (1) the owner and operator of the facility; (2) any person who owned or operated the facility at the time of disposal of any hazardous substance; (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment of hazardous substances owned or possessed by that person; and (4) any person who accepted any hazardous substances for the transport to disposal or treatment sites selected by that person. 42 U.S.C. § 9607(a)(1)–(4).

Section 113(f)(1) of CERCLA states, "[A]ny person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title...." In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate.

■ Plaintiff Gould has asserted in its Complaint that it has a private right of action under § 107 for "cost recovery" that is distinct from its claim for "contribution" under § 113. However, this Court favors the view that CERCLA § 113 was enacted to confirm that responsible parties who resolve their liability to the government for a cleanup may bring an action against other allegedly re-

sponsible parties for contribution. The § 106 consent agreement in April, 1988, between Plaintiff Gould and the EPA is a primary example of a responsible party, in this case Plaintiff Gould, resolving their liability to the government for the cleanup of a contaminated site. We find that Gould's action to recover its equitable share of its response costs is a section 113 contribution action. This finding is in accord with the various circuits that have addressed this issue. Plaintiff Gould has taken the position that the Third Circuit allows a private responsible party to bring a cost recovery action under § 107 where that party has remediated a site. However, the Third Circuit cases cited by Gould are inapplicable to the present action and do not stand for the proposition that private responsible parties can bring a § 107 cost recovery action.

### Third Circuit Decisions

The issue presently before this Court has not been directly ruled upon by the Third Circuit and as such, we are not bound by precedent. The Third Circuit has implicitly accepted the position of the various circuits that a cost recovery claim by a private PRP is a claim for contribution under § 113 of CERCLA. In *Smith Land & Improvement Corp. v. Celotex Corp.*, 851 F.2d 86 (3rd Cir.1988), *cert. denied*, 488 U.S. 1029, 109 S.Ct. 837, 102 L.Ed.2d 969 (1989), a case originally brought in this Court, the EPA informed the site owner that unless it remediated the site, EPA would perform the work and seek recovery of its costs. The owner of the site settled with EPA and incurred costs cleaning the site. The owner then brought an action against the prior owner of the site under § 107 to recover those costs.

While not directly holding the action to be a § 113 contribution action, the Third Circuit held, among other things, that in the context of a private CERCLA claim, the three defenses listed in § 107(b) are not exclusive and that a defendant may also raise equitable defenses. 851 F.2d at 89. Thus, the Third Circuit all but recognized that a cost recovery claim by a private PRP is a claim for contribution under § 113 of CERCLA because a § 107(a) cost recovery action has only the limited defenses specified in § 107(b).

The Third Circuit's interpretation of allowing equitable defenses, thus classifying a cost recovery claim by a private PRP as a § 113 contribution claim, has been adopted by *Transtech Industries, Inc. v. A & Z Septic Clean,* 798 F.Supp. 1079 (D.N.J.1992), *appeal dismissed,* 5 F.3d 51 (3rd Cir.1993), *cert. denied,* ── U.S. ──, 114 S.Ct. 2692, 129 L.Ed.2d 823 (1994). In *Transtech,* a case that closely resembles the factual underpinnings before us, the EPA filed an action against the owners and operators of the Site, which was designed to force those responsible for the Site's situation to engage in cleanup operations. Plaintiffs in *Transtech* argued that the statutory scheme, § 107 and § 113, divides causes of action between privately initiated cleanups and cleanups initiated under threat by the EPA. Under plaintiffs' theory, claims of the former type constituted claims for response costs under § 107, while claims of the latter type were contribution claims under § 113(f)(1). The plaintiffs then contended that since they voluntarily began their cleanup operation, theirs was a cost recovery action under § 107. Id. at 1085.

The *Transtech* opinion further stated that Congress enacted section 113(f)(1), to provide for fairness in situations where one party was bearing the cost of a major hazardous waste site simply because the EPA targeted it first. Id. at 1086. The court in *Transtech* also rejected plaintiffs' argument that the action was a § 107 cost recovery action because plaintiffs acted voluntarily in cleaning up the site. The court noted that plaintiffs actions were clearly the result of government threats. Likewise, in the present action, Plaintiff Gould acted in response to EPA directives, highlighted by Gould's and the EPA's signing of the April, 1988, Consent Order. Thus, it appears evident that when a party, who agrees to cleanup a site pursuant to a settlement agreement, sues another liable party, it is a claim for contribution and it must be distinguished from cases in which a plaintiff incurred expenses on its own initiative.

In *Witco Corp. v. Beekhuis,* 38 F.3d 682 (3rd Cir.1994), the Third Circuit again implicitly held that a cost recovery claim by a private responsible party is a claim for contribution. The Third Circuit began its opinion by noting that the case before it was an action for contribution. 38 F.3d at 684. Like the present matter, *Witco* was a suit brought by a site owner, who had signed a consent agreement with EPA, against other PRPs. The court several times cited the contribution action statute of limitations in § 113(g)(3), always indicating that the action was properly one in contribution under § 113.

Plaintiff Gould's reliance on *Hatco Corp. v. W.R. Grace & Co.,* 59 F.3d 400 (3rd Cir. 1995), is misplaced. Gould asserts that *Hatco* stands for the proposition that a § 107 cause of action is available to a private responsible party when they remediate a site. However, *Hatco* centered around § 9607(e) which deals with indemnification, hold harmless, etc., agreements, conveyances; or subrogation rights. *Hatco* simply does not illicit a holding that a § 107 cost recovery action is available to a private responsible party.

Even if we were to determine that *Hatco* addressed the § 107 issue, which it does not, we are of the opinion that the position adopted in *Transtech* (holding that when a party who agreed to cleanup pursuant to a settlement agreement sues a liable party, it is a claim for contribution and it must be distinguished from cases in which a plaintiff incurred expenses on its own initiative) is the proper approach when dealing with private responsible parties.

Plaintiff Gould also places reliance on the United States Supreme Court's decision in *Key Tronic Corp. v. United States,* — U.S. —, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994), for its position that a § 107 cost recovery action could be brought by a responsible party. Plaintiff Gould believes because the Supreme Court never suggested only innocent parties could bring a § 107 action, that the *Key Tronic* opinion grants an implied cause of action for a responsible party to bring a § 107 action. Nonetheless, it appears clear to this Court that *Key Tronic* focused on whether or not attorney's fees are

a necessary cost of response within a § 107 action.

In addressing the issue of recovering attorney's fees as response cost, Justice Stevens stated, "although § 107 unquestionably provides a cause of action for private parties to seek recovery of cleanup costs, that cause of action is not explicitly set out in the text of the statute. To conclude that a provision that only impliedly authorizes suit nonetheless provides for attorney's fees with the clarity required by *Alyeska* [*Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) ] would be unusual if not unprecedented." *Key Tronic* at —, 114 S.Ct. at 1967.

*Key Tronic's* opinion focused on what types of fees may or may not be recoverable as part of § 107 response costs. Because the Supreme Court suggested that an implied cause of action under § 107 exists for private parties, (the Court never addressed the issue of whether or not only innocent parties could bring a § 107 action), Gould argues that *Key Tronic* allows them to bring a § 107 cost recovery action. However, *Key Tronic* did not answer the question of whether a responsible party could bring a § 107 action. As numerous courts of appeals, including the Third Circuit, have addressed this very issue, we are unpersuaded by Gould's position that they can assert a § 107 cost recovery action. The overwhelming belief is that when both parties are PRPs the action will sound in contribution.

Plaintiff Gould also places reliance on the recent decision in *Bethlehem Iron Works, Inc. v. Lewis Industries, Inc.,* 891 F.Supp. 221 (E.D.Pa.1995). In that case, the plaintiff was a responsible party that had incurred response costs in remediating a hazardous site under CERCLA. The plaintiff was allowed to bring a § 107 cost recovery action. That opinion reasoned that "permitting plaintiffs to raise their § 107 claims comports with CERCLA's goal of encouraging parties to initiate cleanup operations promptly and voluntarily." *Bethlehem* at 225.

This Court is of the opinion that the *Bethlehem* court allowed a § 107 action by focusing on CERCLA's goals of having responsi-

ble parties initiate cleanup actions voluntarily and promptly. Once again, in the instant action, Plaintiff Gould did not voluntarily initiate cleanup of the Marjol Site. Gould's cleanup operations were the direct result of the EPA Consent Order of April, 1988. Thus, we reiterate our support for the holding in *Transtech Industries v. A & Z Septic Clean*, 798 F.Supp. 1079 (D.N.J.1992), *appeal dismissed*, 5 F.3d 51 (3rd Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 2692, 129 L.Ed.2d 823 (1994), that when a party agrees to cleanup a site pursuant to a settlement agreement, and sues another liable party, it is a claim for contribution and must be distinguished from cases in which a plaintiff incurred expenses upon its own initiative.

### OTHER CIRCUITS

While the Third Circuit has only implicitly found that a cost recovery claim by a private party is a § 113 contribution action, other circuits have explicitly found that in private party CERCLA actions, one responsible party's claim against another responsible party is a contribution claim subject to the provisions of § 113.

In *United States v. Colorado & Eastern R.R.*, 50 F.3d 1530 (10th Cir.1995), a PRP brought a cross-claim against another PRP under § 107 and the targeted PRP argued that the claim should be treated as a "contribution" claim. The court found that the claimant was a PRP and "therefore, any claim that would apportion costs between [the] parties is the quintessential claim for contribution." Id. at 1536, citing Restatement (Second) of Torts at 888A (1979), and *Amoco Oil v. Borden, Inc.*, 889 F.2d 664, 672 (5th Cir.1989). The Tenth Circuit further reasoned that to allow one PRP to recover costs from another PRP under the strict liability scheme of § 107 would eviscerate § 113. Id. at 1536.

In *United Technologies Corp. v. Browning–Ferris Industries, Inc.*, 33 F.3d 96 (1st Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1176, 130 L.Ed.2d 1128 (1995), the First Circuit found that the plaintiff's action was one for "contribution" and not for cost recovery under § 107. The court determined that the plaintiff was also a liable party and con-

cluded that its claim "must be classified as an action for contribution." Id. at 101.

Additionally, the Seventh Circuit in *Akzo Coatings v. Aigner Corp.*, 30 F.3d 761 (7th Cir.1994), found that a liable party seeking recovery of costs it had incurred in cleanups, has only a claim for "contribution" despite the fact that § 107 permits "any person" to seek recovery. The court determined that Akzo had no cause of action under § 107 because:

> Akzo has experienced no injury of the kind that would typically give rise to a direct claim under Section 107(a)—it is not, for example, a landowner forced to clean up hazardous materials that a third party spilled onto its property or that migrated there from adjacent lands. Instead, Akzo itself is a party liable ... and the gist of Akzo's claim is that the costs it has incurred should be apportioned equitably amongst itself and the others responsible.... That is a quintessential claim for contribution.

*Id.* at 764.

In *Amoco Oil Co. v. Borden, Inc.*, 889 F.2d 664 (5th Cir.1989), the Fifth Circuit held that any action among PRPs is for contribution. In *Amoco*, a PRP sued to recover response costs it had incurred and would incur under a cleanup. The court held it first must determine if the defendant is a liable person under § 107(a). The "court then must ascertain, under CERCLA's contribution provision, each responsible party's equitable share of the cleanup costs." Id. at 668. "When one liable party sues another to recover its equitable share of the response costs, the action is one for contribution ..." Id. at 672.

We find no credence in Gould's argument that the *Amoco* case is an example of courts using a two-step process to determine each party's response costs. The fact that the *Amoco* court went to § 107(a) first was merely to determine if a party was liable, for it is § 107(a) that determines whether or not a party is liable. Gould favors an approach whereby a PRP can bring a § 107 action to recover its response cost and then have the other liable parties bring a § 113 contribution counterclaim to allocate liability. *Amoco* looked to § 107(a) only to determine if a

party may be liable. It was not a situation where the two-step process was initiated. Because both parties, like here, were PRPs, the claim to reapportion costs between the parties was found to be a contribution claim.

Most recently, *Control Data Corp. v. S.C.S.C. Corp.*, 53 F.3d 930 (8th Cir.1995), joined the growing list of appeals courts that ruled that private party CERCLA litigation brought by a liable party to recover costs is an action governed by the contribution provisions of § 113.

Based on the numerous circuit holdings as well as the implicit findings in the Third Circuit, when a private responsible party sues another responsible party to reapportion costs, that action will be a "contribution" action pursuant to § 113. The cases relied upon by Plaintiff Gould are either misplaced or distinguishable. In a factual situation, like the present action, where a responsible party initiates a site cleanup pursuant to governmental pressure, and then sues another responsible party to allocate the costs, the action falls under the provisions of § 113. We agree that a private cause of action may exist under § 107, as is implied by *Key Tronic Corp. v. United States*, ―― U.S. ――, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994). However, the issue of whether the action is available for a non-innocent party was never addressed by the Supreme Court. As such, we have proceeded along the same avenue taken by the United States Court of Appeals for the 1st, 5th, 7th, 8th and 10th Circuits, as well as the implicit findings of the Third Circuit in *Smith Land & Improvement Corp. v. Celotex Corp.*, 851 F.2d 86 (3rd Cir.1988), *cert. denied*, 488 U.S. 1029, 109 S.Ct. 837, 102 L.Ed.2d 969 (1989); and *Witco Corp. v. Beekhuis*, 38 F.3d 682 (3rd Cir.1994). Plaintiff Gould may not bring a § 107 cost recovery action and is instead limited to bringing a § 113 contribution action. Partial Summary Judgment is therefore granted to the moving Defendants on the nature of the claim issue.

## "ORPHAN SHARES"

■ After finding in favor of the moving Defendants on their motion for partial summary judgment with respect to Plaintiff Gould being limited to asserting a § 113 cause of action, we turn our attention to the issue concerning the so-called "orphan shares" that were deposited at the Marjol–Site. Since liability under a § 113 action is several, not joint and several, each party is only responsible for their proportionate share of the harm caused at the Marjol–Site.

The Defendants are not responsible to Gould for the "orphan shares" in question. The contribution provision of § 113 states in part, "In resolving contribution claims, the court may allocate response costs among the liable parties under such equitable factors as the court determines are appropriate." 42 U.S.C. § 9613(f)(1). In allocating response costs, this Court can think of no greater equitable factor than Plaintiff Gould's own waste-in-list. This list establishes the exact amount of harm caused by every Defendant, after the deduction of Plaintiff's share and the "orphans shares". As liability in a § 113 contribution action is several, the Defendants are responsible for their respective contributions to the harm at the Marjol–Site. It appears to this Court that it would be most inequitable to hold Defendants liable for any of the "orphan shares" when Gould's waste-in-list specifically indicates the exact amount each Defendant contributed to the harm.

Therefore, Defendants motion for partial summary judgment is granted with respect to each Defendant being responsible for its own contribution to the harm. Plaintiff Gould cannot collect any part of the "orphan shares" from the Defendants.

## STATUTE OF LIMITATIONS

Turning to the issue concerning the applicable statute of limitations for a contribution action, the parties are clearly in disagreement as to which statute applies. The parties cite two different sections of CERCLA as being the applicable statute of limitations section.

The court in *United Technologies Corp. v. Browning–Ferris Industries*, 33 F.3d 96, 99 (1st Cir.1994), *cert. denied*, ―― U.S. ――, 115 S.Ct. 1176, 130 L.Ed.2d 1128 (1995), stated that the statutory language of § 113(g)(2) and § 113(g)(3) suggests that cost recovery and contribution actions are distinct and do not overlap. This reasoning becomes vital when examining the respective positions of

the parties. We believe both sides are somewhat incorrect in their briefs on this issue. Plaintiff Gould is in error in asserting that § 113(g)(2) is the appropriate statute of limitations section and likewise, Defendants are incorrect in asserting that under § 113(g)(3) Plaintiff is time barred by the three year statute of limitations from bringing this action.

Plaintiff Gould is of the opinion that they can bring a cost recovery action under § 107 of CERCLA. 42 U.S.C. § 9607. This section is controlled by the statute of limitations in § 113(g)(2) which reads as follows:

(2) Actions for recovery of costs

An initial action for recovery of the costs referred to in section 107 of this title must be commenced—

(A) for a removal action, within 3 years after completion of the removal action, except that such recovery action must be brought within 6 years after a determination to grant a waiver under section 9604(c)(1)(C) of this title for continued response action; and

(B) for a remedial action, within 6 years after initiation of physical on-site construction of the remedial action, except that, if the remedial action is initiated within 3 years after the completion of the removal action, costs incurred in the removal action may be recovered in the cost recovery action brought under this subparagraph.

As discussed at length earlier, the case law both in this Circuit and several others requires that Plaintiff Gould may bring this action pursuant to a § 113 contribution action but they cannot bring the action pursuant to a § 107 cost recovery action. Thus, since contribution actions and cost recovery actions are separate and distinct, Plaintiff Gould's assertion that § 113(g)(2) is the applicable statute of limitations is incorrect, since that section relates to cost recovery actions under § 107, while the instant case is a contribution action under § 113.

The Defendants in this matter are of the belief that the applicable statute of limitations is contained in § 113(g)(3). This statute reads as follows:

(3) Contribution

No action for contribution for any response costs or damages may be commenced more than 3 years after—

(A) the date of judgment in any action under this chapter for recovery of such costs or damages, or

(B) the date of an administrative order under section 9622(g) of this title (relating to de minimis settlements) or 9622(h) of this title (relating to cost recovery settlements) or entry of a judicially approved settlement with respect to such costs or damages.

Defendants are correct in their assertion that § 113(g)(3) is the applicable statute of limitations, however, their interpretation of the statute is somewhat flawed. Defendants state that under § 113(g)(3), the statute of limitations is three years from the date that the plaintiff enters a consent agreement with the United States to clean the site. *See United Technologies Corp. v. Browning–Ferris Industries, Inc.,* 33 F.3d 96 (1st Cir.1994).

Defendants contend that Gould's past-cost claim is time barred under § 113(g)(3) since Gould signed a Section 106 consent order with EPA in April, 1988, but did not file the present action until December, 1991, that is, more than three (3) years after the signing of the consent order.

Plaintiff Gould argues that none of the four (4) triggering events contained in § 113(g)(3) have occurred and therefore they are not time barred by that section. The four events that trigger the running of the statute of limitations are as follows:

(1) the entry of a judgment;

(2) a section 9622(g) de minimis settlement;

(3) a section 9622(h) cost recovery settlement; and

(4) a judicially approved settlement

Plaintiff Gould is correct in its assertion that none of the four triggering events have occurred and thus, Gould's claim is not time barred by § 113(g)(3). Gould entered into a consent agreement with EPA to cease its battery operations at the Marjol–Site. The consent agreement is in no way equiva-

lent to any of the four necessary triggering events that would run the three year limitation period contained in § 113(g)(3).

The clear language of § 113(g)(3) states that "no action for contribution for any response costs or damages may be commenced more than 3 years after—(any of the four triggering events)." As none of the so called triggering events have occurred, Gould's claim, which is one for contribution, is timely brought. Gould's entering into a section 106 consent order with the EPA in April, 1988, is not one of the four triggers for running the statute of limitations. Accordingly, Defendants motion for partial summary judgment with respect to Gould's action being time barred by the statute of limitations in § 113(g)(3) is denied.

### CONCLUSION

For the reasons indicated above, the moving Defendants' motion for partial summary judgment is granted in part and denied in part. Defendants' motion is granted with respect to the nature of the claim. Plaintiff Gould may not bring a § 107 cost recovery action, but may only assert a § 113 contribution action. In regards to liability, Defendants' motion is granted and liability will be several only. Furthermore, the motion also grants partial summary judgment to Defendants in holding that they are not responsible to Gould for the "orphan shares". Finally, the Defendants' motion for partial summary judgment is denied with respect to the statute of limitations argument. The applicable statute of limitations is contained in § 113(g)(3) and does not bar Plaintiff Gould from bringing this action. An appropriate Order is attached.

### ORDER

AND NOW, THIS 14th DAY OF SEPTEMBER, 1995, IT IS HEREBY ORDERED THAT:

1. Defendants' Motion for Partial Summary Judgment (Doc. No. 796) is GRANTED IN PART and DENIED IN PART.

2. Defendants' motion is GRANTED in disallowing Plaintiff Gould from asserting a § 107 cost recovery action and limiting Gould's action to a § 113 contribution action.

3. Defendants' motion is GRANTED whereby each Defendant is only severally liable for their respective share of the harm caused at the Marjol–Site.

4. Defendants' motion asserting that they are not responsible to Plaintiff Gould for the "orphan shares" is GRANTED.

5. Defendants motion relating to the statute of limitations is DENIED. Plaintiff Gould is not time barred from bringing a § 113 contribution action.

6. This opinion disposes of document numbers 792 and 796 respectively.

7. The Clerk of Court is directed to mark the docket sheet accordingly.